# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP375-CR |
| COMPLETE TITLE: | State of Wisconsin,<br>        Plaintiff-Respondent,<br>    v.<br>Tyrus Lee Cooper,<br>        Defendant-Appellant-Petitioner. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 380 Wis. 2d 508,913 N.W.2d 514
(2018 – unpublished)

| | |
|---|---|
| OPINION FILED: | June 20, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | April 15, 2019 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Milwaukee |
|   JUDGE: | Joseph M. Donald |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | DALLET, J. dissents, joined by A.W. BRADLEY, J.<br>(opinion filed). |
|   NOT PARTICIPATING: | ABRAHAMSON, J. did not participate. |

ATTORNEYS:

For the defendant-appellant-petitioner, there were briefs filed by *Nora E. Gierke* and *Gierke Law LLC*, Wauwatosa. There was an oral argument by *Nora E. Gierke*.

For the plaintiff-respondent, there was a brief filed by *Lisa E.F. Kumfer*, assistant attorney general, with whom on the brief was *Joshua L. Kaul*, attorney general. There was an oral argument by *Lisa E.F. Kumfer*.

2019 WI 73

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2016AP375-CR
(L.C. No.  2011CF2815)

STATE OF WISCONSIN                :          IN SUPREME COURT

State of Wisconsin,

      Plaintiff-Respondent,

   v.

Tyrus Lee Cooper,

      Defendant-Appellant-Petitioner.

**FILED**

**JUN 20, 2019**

Sheila T. Reiff
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1   DANIEL KELLY, J.   Mr. Tyrus Lee Cooper moved the circuit court, prior to sentencing, to withdraw his guilty plea. The circuit court refused his request.   Two years later, we disciplined his attorney (Michael J. Hicks) for professional misconduct that included his handling of Mr. Cooper's defense.[1] Mr. Cooper believes our opinion in that disciplinary proceeding proved his counsel had provided ineffective assistance in his

---

[1] See In re Disciplinary Proceedings Against Hicks, 2016 WI 31, 368 Wis. 2d 108, 877 N.W.2d 848.

criminal case.  That, he says, is a "fair and just reason" for withdrawing his plea.  For the following reasons, we disagree.[2]

## I.  BACKGROUND

¶2  Mr. Cooper was charged with a single count of armed robbery as a party to a crime.[3]  The State Public Defender appointed Mr. Hicks to represent Mr. Cooper after the circuit court permitted his previous counsel to withdraw.  Shortly afterwards, Mr. Cooper wrote to Mr. Hicks (in January of 2013) requesting a copy of discovery materials and raising concerns about his case——requests and concerns that he would repeat in subsequent letters.  On October 8, 2013, which was approximately two weeks before his scheduled trial, Mr. Cooper personally wrote to the circuit court to claim that Mr. Hicks was interfering with his right to aid in his defense.  He said Mr. Hicks had not provided him with a copy of the discovery materials and had failed to subpoena key witnesses.  He also said he had not spoken to Mr. Hicks, by phone or in person, and therefore could not be prepared for trial.

---

[2] This is a review of an unpublished court of appeals decision affirming the Milwaukee County Circuit Court, the Honorable M. Joseph Donald presiding.  State v. Cooper, No. 2016AP375-CR, unpublished slip op. (Wis. Ct. App. Feb. 27, 2018).

[3] See Wis. Stat. § 943.32(1)(a), Wis. Stat. § 943.32(2), and Wis. Stat. § 939.05 (2017-18).  All subsequent references to the Wisconsin Statutes are to the 2017-18 version unless otherwise indicated.

¶3 Shortly before trial, the State offered to recommend a sentence of three years of initial confinement and three years of extended supervision if Mr. Cooper pled guilty as charged. He agreed, and on October 21, 2013, the circuit court heard his plea. Prior to accepting it, the circuit court[4] confirmed that Mr. Cooper understood the plea agreement, maximum penalties, and elements of the charge. In response to the circuit court's questions, Mr. Cooper affirmatively asserted that he was aware of the constitutional rights he was waiving. The circuit court confirmed on the record that Mr. Cooper was of sound mind and capable of "freely, knowingly, and voluntarily"[5] entering the plea.

¶4 The circuit court specifically asked Mr. Cooper about the allegations he made in his letter of October 8, 2013. Mr. Cooper stated that he wanted the circuit court to take "[n]o actions" with respect to the letter and indicated that he wanted

---

[4] The Honorable Dennis Flynn presided over the plea hearing while the Honorable M. Joseph Donald presided over the hearing of Mr. Cooper's motion to withdraw his plea.

[5] Our statutes require that a plea be "made voluntarily with understanding of the nature of the charge and the potential punishment if convicted." Wis. Stat. § 971.08(1)(a). Wisconsin courts typically express this standard as requiring a plea made "knowingly, voluntarily, and intelligently," rather than one that is "freely, knowingly, and voluntarily" made. But we have concluded before that there is no substantive difference between the two phraseologies. See State v. Hoppe, 2009 WI 41, ¶¶25, 57, 317 Wis. 2d 161, 765 N.W.2d 794 (concluding "that the defendant entered his plea knowingly, intelligently, and voluntarily" despite the circuit court finding "a free, knowing and voluntary plea").

3

the letter "disposed of." Mr. Cooper's final statement with respect to his plea was "I fully understand. I feel confident in what I did." The circuit court set sentencing for January 9, 2014.

¶5 Approximately three weeks before sentencing, Mr. Cooper personally sent another letter to the circuit court, this time asking to withdraw his plea "due to the fact of ineffective assistance of counsel." Mr. Cooper wrote that he was unaware that Mr. Hicks had been suspended from practicing law during part of his representation.[6] And he claimed Mr. Hicks lied by failing to notify him of his suspension. He also said Mr. Hicks misled him into accepting the plea by stating he was destined to lose at trial. The circuit court allowed Mr. Hicks to withdraw as counsel and rescheduled the sentencing hearing.

¶6 Mr. Cooper's newly-appointed counsel formally moved to withdraw the plea. The motion asserts that the issues raised in the October 2013 letter were not resolved before the circuit court accepted the plea. It repeats many of the concerns Mr. Cooper listed in that letter, including that Mr. Hicks had not met with him from December 2012 until October 8, 2013, to discuss his case, and that Mr. Hicks failed to provide him with a copy of discovery materials. The motion also repeats the assertion that he had been unaware that Mr. Hicks' law license

---

[6] Mr. Hicks' law license was temporarily suspended from February 12, 2013, through March 11, 2013, for reasons unrelated to his representation of Mr. Cooper. Hicks, 368 Wis. 2d 108, ¶9.

4

had been suspended. Finally, Mr. Cooper alleged that he did not knowingly and voluntarily enter his plea.

¶7 At the hearing on the plea-withdrawal motion, Mr. Cooper's new counsel said that if Mr. Cooper had known Mr. Hicks' license had been suspended, he would have asked for another lawyer. He also asserted that Mr. Cooper entered his plea in haste because he believed his attorney was not prepared for trial. However, Mr. Cooper's counsel also indicated that, if the circuit court granted his motion, Mr. Cooper might just enter the same plea because he was satisfied with the State's recommendation. Mr. Cooper testified at the hearing and claimed that he had believed part of the plea agreement included reducing the armed robbery charge to something with a lower maximum penalty. He did not say what he believed the reduced charge would have been. The circuit court questioned Mr. Cooper on this point, noting that the charge to which he pled had been read to him at the plea hearing, as well as its elements and the maximum penalty, and that he had affirmatively responded that he understood and wanted to enter his plea. Mr. Cooper said he thought the circuit court was required to read the original charge, but that he would actually be convicted of a lesser offense.

¶8 The circuit court denied Mr. Cooper's motion on June 27, 2014 (a date that will have some significance to our analysis). It concluded that the plea colloquy demonstrated that Mr. Cooper knowingly, intelligently, and voluntarily entered his plea, and that the matters in the October 8, 2013,

5

letter had been properly addressed. It also concluded that granting Mr. Cooper's motion would cause substantial prejudice to the State. The circuit court made no factual findings regarding communications between Mr. Hicks and Mr. Cooper. In due course, the circuit court sentenced Mr. Cooper to five years of confinement and five years of extended supervision. Mr. Cooper appealed.

¶9 Two years after Mr. Cooper moved to withdraw his plea (and while his appeal was pending), we decided a disciplinary case brought by the Office of Lawyer Regulation (OLR) against Mr. Hicks. See In re Disciplinary Proceedings Against Hicks, 2016 WI 31, 368 Wis. 2d 108, 877 N.W.2d 848. After initially contesting the charges, Mr. Hicks withdrew his answer and filed a written "no contest" plea, agreeing that the referee could use the complaint's facts as a basis for identifying violations of the Rules of Professional Conduct for Attorneys.[7] Id., ¶¶6-7. Based on that representation, the OLR referee concluded that Mr. Hicks had engaged in nineteen acts of misconduct, including five

---

[7] The OLR complaint is not in the record in this proceeding. However, the complaint was in the record in Hicks, 368 Wis. 2d 108. This court has a practice of judicially noticing files of cases that have previously come before this court. See Deluhery v. Sisters of St. Mary, 244 Wis. 254, 255-56, 12 N.W.2d 49 (1943); see also Sisson v. Hansen Storage Co., 2008 WI App 111, ¶11, 313 Wis. 2d 411, 756 N.W.2d 667 ("'Judicial notice may be taken at any stage of the proceeding,' . . . and this means that an appellate court may take judicial notice when that is appropriate[.]" (citations omitted)).

that related to his representation of Mr. Cooper. Id., ¶¶6, 28.[8] The OLR's complaint said that Mr. Hicks had failed to provide requested discovery documents to Mr. Cooper and failed to notify him and the circuit court of his license suspension for part of the time he was representing Mr. Cooper. Id., ¶¶23, 26. The

---

[8] The OLR complaint's formal accusations of misconduct, as far as they relate to Mr. Hicks' representation of Mr. Cooper, are as follows:

[Count Thirteen] By failing between the date on which he received [Mr. Cooper's] letter in January 2013 and February 12, 2013, between March 11, 2013 and August 16, 2013, and between August 18, 2013 and October 20, 2013, to communicate with [Mr. Cooper] regarding the issues raised in [Mr. Cooper's] January 2013 letter and to otherwise consult with [Mr. Cooper] regarding trial strategy and preparation, thereby preventing [Mr. Cooper] from adequately understanding and participating in his own defense, [Attorney] Hicks violated SCR 20:1.4(a)(2).

[Count Fourteen] By failing to timely provide [Mr. Cooper] with a complete copy of the discovery materials, despite [Mr. Cooper's] requests, [Attorney] Hicks violated SCR 20:1.4(a)(4).

[Count Fifteen] By failing to provide a written notice to [Mr. Cooper] of his February 12, 2013 suspension, [Attorney] Hicks violated SCR 22.26(1)(a) and (b).

[Count Sixteen] By failing to provide written notice to the court and opposing counsel in [Mr. Cooper's pending criminal case] that his license to practice law had been suspended on February 12, 2013, [Attorney] Hicks violated SCR 22.26 (1)(c).

[Count Seventeen] By failing to timely file a response to [Mr. Cooper's] grievance, [Attorney] Hicks violated SCR 22.03(2) and (6), enforced via SCR 20:8.4(h).

Hicks, 368 Wis. 2d 108, ¶28 (some alterations in original).

complaint also said that Mr. Hicks did not discuss preparation for trial with Mr. Cooper, nor did he address the issues raised in Mr. Cooper's letters. Id., ¶¶23-24. Based on these facts, the OLR referee concluded, as a matter of law, that Mr. Hicks' misconduct "prevent[ed] [Mr. Cooper] from adequately understanding and participating in his own defense" in violation of SCR 20:1.4(a)(2).[9] Hicks, 368 Wis. 2d 108, ¶28.

¶10 After reviewing the referee's report, we accepted his "factual findings as taken from the OLR's complaint." Id., ¶39. We also agreed "with the referee that those factual findings are sufficient to support a legal conclusion that Attorney Hicks engaged in the professional misconduct set forth in the 19 counts" contained in the OLR's complaint. Id.

¶11 On appeal, Mr. Cooper argued (in part) that our decision in Hicks established that he had received ineffective assistance of counsel prior to entering his guilty plea. The court of appeals considered the well-known analytical structure we use to assess such claims[10] and concluded that Mr. Cooper had

---

[9] Supreme Court Rule 20:1.4(a)(2) provides in pertinent part: "(a) A lawyer shall: . . . (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished . . . ."

[10] "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984).

failed to show the allegedly deficient performance caused him prejudice.  Therefore, the court of appeals affirmed the circuit court.  State v. Cooper, No. 2016AP375-CR, unpublished slip op. (Wis. Ct. App. Feb. 27, 2018).

¶12  We granted Mr. Cooper's petition for review, which presented the first and third of the following three issues.  We asked the parties to brief the second issue:

> 1.  When Cooper's counsel engaged in serious professional misconduct, preventing Cooper from adequately understanding and participating in his own defense, did this constitute ineffective assistance of counsel and provide Cooper with a fair and just reason to withdraw his guilty plea prior to sentencing?
>
> 2.  In deciding whether Cooper may withdraw his guilty plea, is the circuit court bound by the Supreme Court's findings and/or conclusions in In re Disciplinary Proceedings Against Hicks, 2016 WI 31, 368 Wis. 2d 108, 877 N.W.2d 848 (2016), including, but not limited to, language stating that the failure of Cooper's trial counsel to properly communicate with him prevented him from adequately understanding and participating in his own defense . . . ?
>
> 3.  Did the circuit court erroneously exercise its discretion when it denied defendant's motion to withdraw his plea prior to sentencing without a sufficient evidentiary record to support a finding that withdrawal of the plea pre-sentencing would result in substantial prejudice to the State?

For the reasons set forth below, we affirm the court of appeals.

## II.  STANDARD OF REVIEW

¶13  "[W]hether a defendant may withdraw his plea is left to the sound discretion of the circuit court."  State v. Bollig, 2000 WI 6, ¶28, 232 Wis. 2d 561, 605 N.W.2d 199 (citation omitted).  We review the circuit court's decision for an

9

erroneous exercise of discretion. State v. Jenkins, 2007 WI 96, ¶30, 303 Wis. 2d 157, 736 N.W.2d 24. We will sustain an exercise of discretion if the circuit court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." Loy v. Bunderson, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175 (1982).

¶14 "A claim for ineffective assistance of counsel is a mixed question of fact and law." State v. Wood, 2010 WI 17, ¶16, 323 Wis. 2d 321, 780 N.W.2d 63. We sustain the circuit court's factual findings "unless they are clearly erroneous." State v. Doss, 2008 WI 93, ¶23, 312 Wis. 2d. 570, 754 N.W.2d. 150. "Whether counsel's performance was deficient and prejudicial to his . . . client's defense is a question of law that we review de novo." State v. Hunt, 2014 WI 102, ¶22, 360 Wis. 2d 576, 851 N.W.2d. 434.

### III. ANALYSIS

¶15 A court will generally grant a pre-sentencing request to withdraw a guilty plea upon presentation of a fair and just reason for doing so. State v. Canedy, 161 Wis. 2d 565, 582, 469 N.W.2d 163 (1991) ("The appropriate and applicable law in the case before the court, is that a defendant should be allowed to withdraw a guilty plea for any fair and just reason, unless the prosecution would be substantially prejudiced.") (emphasis omitted). This has been described as a "liberal rule" that fosters "the efficient administration of criminal justice" by "reduc[ing] the number of appeals contesting the 'knowing and

voluntariness' of a guilty plea . . . ." Libke v. State, 60 Wis. 2d 121, 127-28, 208 N.W.2d 331 (1973). If the defendant establishes an appropriate reason by a preponderance of the evidence, Canedy, 161 Wis. 2d at 583-84, the State may nonetheless defeat the motion by proving substantial prejudice. Bollig, 232 Wis. 2d 561, ¶34.

¶16 The phrase "fair and just" is not, of course, susceptible to precise definition, and our cases have identified many reasons for withdrawing a plea that meet this standard. For example, an adequate reason "will likely exist if the defendant shows that the circuit court failed to conform to its statutory or other mandatory duties in the plea colloquy, and the defendant asserts misunderstanding because of it." Jenkins, 303 Wis. 2d 157, ¶62. See also Bollig, 232 Wis. 2d 561, ¶31 ("[I]f [the defendant] was unaware of his requirement to register as a convicted sex offender, he presented a fair and just reason for plea withdrawal."); State v. Shanks, 152 Wis. 2d 284, 290, 448 N.W.2d 264 (Ct. App. 1989) ("Genuine misunderstanding of a guilty plea's consequences is a ground for withdrawal.") (citation omitted). "[H]aste and confusion in entering the plea" is a fair and just reason for withdrawing a plea, as is "coercion on the part of trial counsel." State v. Shimek, 230 Wis. 2d 730, 739, 601 N.W.2d 865 (Ct. App. 1999) (citation omitted). Indeed, we have said that "the mere showing of some adequate reason for defendant's change of heart" will suffice. Canedy, 161 Wis. 2d at 583 (citation and internal marks omitted). But there are limits on the reasons we will

11

accept as adequate. At a minimum, a "fair and just reason" must be something other than a bare desire to have a trial. Id.

¶17 Mr. Cooper says he should be allowed to withdraw his plea because he received ineffective assistance of counsel from Mr. Hicks before he pled. If true, that would certainly entitle him to relief because such a justification satisfies even the more rigorous post-sentencing "manifest injustice" plea-withdrawal standard. State v. Dillard, 2014 WI 123, ¶84, 358 Wis. 2d 543, 859 N.W.2d 44 ("One way to demonstrate manifest injustice is to establish that the defendant received ineffective assistance of counsel.").

A. Hicks as Proof of Ineffective Assistance of Counsel

¶18 The proof Mr. Cooper offers to establish the deficiency of his counsel is of no small moment, for he offers us the words of our own opinion in which we announced Mr. Hicks' discipline for his misconduct in handling Mr. Cooper's defense. Specifically, he says we conclusively answered the deficiency question when we addressed Count 13 of the OLR's complaint, which says:

> By failing between the date on which he received [Mr. Cooper's] letter in January 2013 and February 12, 2013, between March 11, 2013 and August 16, 2013, and between August 18, 2013 and October 20, 2013, to communicate with [Mr. Cooper] regarding the issues raised in [Mr. Cooper's] January 2013 letter and to otherwise consult with [Mr. Cooper] regarding trial strategy and preparation, thereby preventing [Mr. Cooper] from adequately understanding and participating in his own defense, [Attorney] Hicks violated SCR 20:1.4(a)(2).

12

Hicks, 368 Wis. 2d 108, ¶28 (quoting OLR's complaint) (emphasis added) (some alterations in original). However, for the following three reasons, we conclude that our decision in Hicks has no material effect on the resolution of Mr. Cooper's case.

¶19 First, with respect to what we said in Hicks, there is a distinction to be drawn between our quotation of the OLR's complaint, on the one hand, and on the other our review of the referee's factual findings and our independent conclusions of law. We said we would accept the referee's "factual findings as taken from the OLR's complaint," id., ¶39, which means we must review the referee's findings of fact and the OLR complaint's allegations to determine whether we adopted the statement upon which Mr. Cooper relies. The factual background supporting Mr. Hicks' misconduct appears in paragraphs 52-62 of the OLR's complaint. The passage on which Mr. Cooper relies appears in paragraph 63, which is not part of the factual background but is the formal accusation of misconduct against Mr. Hicks. The referee's report tracked the complaint's distinction between the facts, on the one hand, and on the other the formal accusation of misconduct. Consequently, the referee's findings of fact do not contain the assertion that Mr. Hicks "prevent[ed] [Mr. Cooper] from adequately understanding and participating in his own defense . . . ." See Hicks, 368 Wis. 2d 108, ¶28. That

statement appears in the referee's conclusions of law.[11] So it cannot be said that we adopted the statement on which Mr. Cooper relies as a factual matter.

¶20 Nor could it be said that we adopted the referee's statement as a conclusion of law. Our analysis in Hicks started with the usual assertion that we "review the referee's conclusions of law on a de novo basis." Id., ¶38 (citation omitted). We did not deviate from that standard practice. Our terse conclusion did not comment on whether Mr. Hicks' misconduct interfered with Mr. Cooper's defense. Instead, we said we "agree with the referee that [the] factual findings are sufficient to support a legal conclusion that Attorney Hicks engaged in the professional misconduct set forth in the 19 counts described above." Id., ¶39. The professional misconduct to which the complaint and referee referred in Count 13 was a violation of SCR 20:1.4(a)(2). So our conclusion of law, as relevant here, was that Mr. Hicks failed to "reasonably consult with the client about the means by which the client's objectives are to be accomplished . . . ." SCR 20:1.4(a)(2). The referee's statement that the misconduct had also "prevent[ed] [Mr. Cooper] from adequately understanding and participating in

---

[11] Mr. Hicks predicated, and we accepted, his no contest plea on the facts as contained in the complaint. As the referee recognized, the OLR complaint's accusation of misconduct was not a factual assertion, but an asserted legal conclusion. So it would have been inappropriate for us treat the accusation as a factual finding.

his own defense" had no necessary bearing on whether Mr. Hicks had violated SCR 20:1.4(a)(2).  See Hicks, 368 Wis. 2d 108, ¶28. Our opinion did not specifically address that statement, analyze it, or in any other fashion suggest it was a conclusion we were adopting.[12]  Our conclusion went no further than a judgment that the referee's findings of fact described a violation of SCR 20:1.4(a)(2).[13]

¶21 The second reason Hicks does not stand for the proposition that Mr. Cooper received ineffective assistance of counsel bears a close relation to the first.  Our purpose in Hicks was not to inquire into the validity of Mr. Cooper's

---

[12] One of the dissent's key foundational assertions is that "[w]e agreed with the referee that the factual findings support the conclusion that . . . Mr. Cooper was prevented from 'adequately understanding and participating in his own defense.'" Dissent, ¶1.  But as described above, we did not say we agreed with that conclusion.  We agreed only that the facts in the complaint (which do not contain this statement) described a violation of SCR 20:1.4(a)(2).

[13] The dissent is concerned we are ignoring what we said in Hicks:  "Mr. Cooper's case is notable because this court accepted the legal conclusion that a defendant was prevented from 'adequately understanding and participating in his own defense.'  This court should not now pretend our words in Hicks were meaningless." Dissent, ¶15.  We are not pretending they are meaningless; we are carefully distinguishing what we said from what the referee said.  They are not necessarily the same. Our analysis establishes that we did not accept the referee's statement as either a finding of fact or as a conclusion of law. This should come as no surprise——the question before us was not whether Mr. Cooper had been prejudiced in his case, it was whether Mr. Hicks violated SCR 20:1.4(a)(2).  Those are different questions with different legal standards and different factual predicates.

guilty plea. It was to determine whether Mr. Hicks had engaged in professional misconduct. In particular, our inquiry into Count 13's allegations required us to go no further than considering the adequacy of Mr. Hicks' consultation with Mr. Cooper about the "means by which the client's objectives are to be accomplished." SCR 20:1.4(a)(2). Ineffective assistance of counsel, on the other hand, arises only when a defendant suffers prejudice as a result of his counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Thiel, 2003 WI 111, ¶18, 264 Wis. 2d 571, 665 N.W.2d 305. Although it is possible for an attorney's misconduct to be so grave that it deprives a defendant of the effective assistance of counsel, the causal link between the two is not one of necessity, but of possibility. That is to say, it is possible that an attorney could violate SCR 20:1.4(a)(2) without running afoul of Strickland; not every violation of the Rules will rise to the level of ineffective assistance of counsel. That is so because the standards established by the Rules do not necessarily correlate exactly with those described in substantive areas of the law.

> Violation of a rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. . . . Furthermore, the purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the rule.

16

> Nevertheless, since the rules do establish standards of conduct by lawyers, a lawyer's violation of a rule may be evidence of breach of the applicable standard of conduct.

SCR Rules of Professional Conduct, Preamble, ¶20.

¶22 Therefore, our conclusion that Mr. Hicks failed to meet the demands of SCR 20:1.4(a)(2) cannot mean, ipso facto, that he performed deficiently within Strickland's meaning. More to the point, it may not be taken to mean we had specifically measured the impact of Mr. Hicks' violation of SCR 20:1.4(a)(2) on Mr. Cooper's ability to enter an appropriate plea. We simply did not address that subject, even tangentially. Nor could we have done so based on the record before us in Hicks. The OLR's complaint simply did not contain the information necessary for us to evaluate whether Mr. Hicks' performance was so deficient that it prejudiced Mr. Cooper's ability to knowingly, intelligently, and voluntarily enter a plea.

¶23 The third reason Hicks is uninstructive concerns its temporal relationship to this case. As we foreshadowed in our recitation of the procedural history, the date on which Mr. Cooper's motion was denied is important. We are reviewing the circuit court's exercise of its discretion, which necessarily means we focus on the facts available to the circuit court when it made its decision. Hartung v. Hartung, 102 Wis. 2d 58, 66, 306 N.W.2d 16 (1981) ("A discretionary determination, to be sustained, must demonstrably be made and based upon the facts appearing in the record and in reliance on the appropriate and applicable law."). We did not decide Hicks, of course, until

17

almost two years after the circuit court denied Mr. Cooper's motion. And that means the referee's statement about the impact of Mr. Hicks' misconduct on Mr. Cooper's defense was not part of the record before the circuit court. We will not reverse a circuit court's discretionary decision based on facts outside of the record. Although there are mechanisms by which to challenge a court's judgment with facts discovered after its entry, Mr. Cooper does not engage them in this case. This is understandable because Hicks does not really present anything new, at least as it specifically relates to Mr. Cooper's plea (as we will discuss further below). For these three reasons, we conclude that Hicks has nothing instructive to say in evaluating whether the circuit court erroneously exercised its discretion when it denied Mr. Cooper's motion to withdraw his plea.

B. Hicks Adds Nothing to the Ineffective Assistance Analysis

¶24 Aside from the referee's statement regarding the effect of Mr. Hicks' misconduct on Mr. Cooper's defense (which we did not adopt), our opinion in Hicks suggests no additional support for Mr. Cooper's claim that he received ineffective assistance of counsel prior to entering his plea. To the extent the opinion bears on Mr. Cooper's case, it reflects that Mr. Hicks:

- had minimal communications with Mr. Cooper prior to the plea hearing;

- had not timely provided a copy of discovery material to Mr. Cooper; and

18

- had not notified his client, the circuit court, or opposing counsel that his license to practice law had been suspended for part of the time he had been representing Mr. Cooper.

Hicks, 368 Wis. 2d 108, ¶28. The consequence of this misconduct, Mr. Cooper tells us, is that he acted with such haste and confusion in entering his plea that he genuinely did not understand its consequences. He also claims Mr. Hicks gave him misleading advice and coerced him into entering his plea.

¶25 All of these facts and allegations were already before the circuit court when it considered Mr. Cooper's motion to withdraw his plea. Thus, in January of 2014, Mr. Cooper personally wrote to the circuit court asserting that Mr. Hicks had misled him into pleading guilty and that Mr. Hicks had said Mr. Cooper was destined to lose at trial. His formal motion to withdraw his plea explained that the issues raised in his letter of October 8, 2013, had not been resolved. It also faulted Mr. Hicks for failing to disclose that his license had been suspended during part of the time the criminal case was pending. Finally, Mr. Cooper's motion claimed his plea was not knowing or voluntary, had been given in haste, and without sufficient consultation with his counsel or consideration of discovery materials.

¶26 At the hearing on his motion, Mr. Cooper once again asserted these deficiencies. He told the circuit court that he was confused regarding the charge to which he was pleading and the sentence range. He argued that Mr. Hicks had misled him about the nature of the charge, as well as the content of the

plea agreement with the State. And he renewed his complaint about Mr. Hicks' lack of communication and his dissatisfaction with Mr. Hicks' failure to notify him of the temporary license suspension.

¶27 Our review of the record in this case, therefore, reveals that everything in Hicks relating to Mr. Cooper's defense had already been brought to the circuit court's attention before it decided the plea-withdrawal motion. Everything, that is, but for the referee's statement regarding the effect of Mr. Hicks' misconduct on Mr. Cooper's defense. But we are not bound by the statements of OLR referees, and as we discussed above, we did not adopt the referee's statement as our own. Consequently, Hicks adds nothing relevant to the universe of facts that the circuit court was responsible for considering.

### C. No Ineffective Assistance of Counsel

¶28 Hicks cannot do the work Mr. Cooper assigns to it. It does not, of its own force, establish that Mr. Hicks provided ineffective assistance of counsel. That leaves Mr. Cooper with the burden of showing: (1) "that counsel's performance was deficient"; and (2) "that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. This analytical structure applies specifically in the context of the plea process:

> Although our decision in Strickland v. Washington dealt with a claim of ineffective assistance of counsel in a capital sentencing proceeding, and was premised in part on the similarity between such a

20

proceeding and the usual criminal trial, the same two-part standard seems to us applicable to ineffective-assistance claims arising out of the plea process.

Hill v. Lockhart, 474 U.S. 52, 57 (1985). Even if we agreed that Mr. Hicks' misconduct rose to the level of deficient performance within the meaning of Strickland (a question on which we express no opinion), Mr. Cooper would nonetheless be unable to prove the prejudice element of the Strickland analysis.[14]

¶29 In considering whether counsel's deficient performance prejudiced the defendant, we "evaluate whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" State v. Sholar, 2018 WI 53, ¶33, 381 Wis. 2d 560, 912 N.W.2d 89 (quoting Strickland, 466 U.S. at 694). When the alleged deficiency concerns the plea process, Hill says the prejudice component specifically requires that "the defendant must show that there is a reasonable probability that, but for

---

[14] The nature of the dissent's analysis is unclear. The author says she would dispense with the "deficient performance" component when assessing counsel's ineffectiveness with respect to a plea withdrawal motion: "[B]y requiring Mr. Cooper to prove deficiency as part of a motion for plea withdrawal pre-sentencing, the majority opinion equates the standard for withdrawal of a plea post-sentencing, 'manifest injustice,' with the lower pre-sentence standard of a 'fair and just reason.'" Dissent, ¶39. Whether the motion is pre-sentence or post-sentence, the ineffective assistance paradigm established by Strickland requires deficient performance as an indispensable element of the analysis. So it seems the dissent is proposing a relaxed standard for establishing ineffective assistance of counsel when the underlying issue relates to a motion to withdraw a plea before sentencing.

21

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. A probability sufficient to undermine confidence exists when there is "a 'substantial,' not just 'conceivable,' likelihood of a different result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011).

¶30 Determining whether a likelihood is substantial, as opposed to merely conceivable, can be a difficult undertaking when evaluating how an attorney's performance affects, for example, a jury's verdict, or the court's imposition of a sentence. We cannot, of course, reassemble and poll the jury to determine what it would have done in the absence of counsel's deficient performance. Neither do we return to the sentencing court to inquire into whether the sentence would have been different if counsel had performed better. Here, however, we need only know whether there is a substantial likelihood that Mr. Cooper would have pled differently if Mr. Hicks' performance did not fall below the Strickland standard. That information is, obviously, readily available to Mr. Cooper, and he had an opportunity to present it to the circuit court at the hearing on his motion to withdraw his plea. He did not comment, however, on whether his plea would have been different if Mr. Hicks had not performed as he did. To the contrary, his counsel said that "if the Court were to allow Mr. Cooper to withdraw his plea, he still might decide to enter a plea, because he does like——he's satisfied, I guess, with the recommendation that [the State] made." This does not describe a substantial likelihood of a

22

different outcome.   At best, it describes something conceivable. Therefore, he has shown no prejudice.   Without prejudice, there can be no ineffective assistance of counsel.   And because the ineffectiveness of counsel is the only "fair and just reason" Mr. Cooper gave for withdrawing his plea (at least in this court), his argument cannot prevail.[15]

¶31 The dissent is of a different mind.   The author says: "I disagree with the majority opinion's conclusion that Mr. Cooper failed to allege that Attorney Hicks' deficient performance caused prejudice.   Although Mr. Cooper's counsel stated at the hearing that Mr. Cooper still 'might' decide to enter a plea, Mr. Cooper is now asking this court to 'allow him to withdraw his guilty plea, and remand this case for further proceedings and a trial on the merits.'"   Dissent, ¶38 (emphasis omitted).   Our project here, of course, is reviewing whether the facts of record demonstrate "a 'substantial,' not just 'conceivable,' likelihood," Cullen, 563 U.S. at 189, that Mr.

---

[15] In addition to his ineffective assistance of counsel claim, Mr. Cooper says the circuit court erred in not allowing him to withdraw his plea because he pled so hastily that it caused him to be confused and to genuinely misunderstand the plea's consequences.   He also said he was subject to the coercion and misleading advice of his counsel.   Those have been recognized as adequate reasons for withdrawing a plea.   State v. Shimek, 230 Wis. 2d 730, 739, 601 N.W.2d 865 (Ct. App. 1999). His only argument supporting this assignment of error is that, in rejecting those grounds for withdrawal, the circuit court did not account for our decision in Hicks.   But because we have concluded that Hicks does not bear on the circuit court's exercise of discretion (as described above), this argument cannot succeed.

Cooper would demand a trial. Although he conversed with the court at the hearing on his motion to withdraw his plea, he did not say he wanted to go to trial. To the contrary, his counsel told the circuit court that Mr. Cooper just might enter the plea again because he was satisfied with the State's recommendation.[16]

¶32 In any event, the dissent says, United States v. Davis, 428 F.3d 802, 808 (9th Cir. 2005), relieves defendants in Mr. Cooper's position of the obligation to even allege prejudice.[17] The Ninth Circuit tried to reconcile its decision with Hill by distinguishing between pre-sentencing plea-withdrawal (Davis) and post-sentencing plea-withdrawal (Hill). It said that requiring a showing of prejudice in the former category would eliminate the distinction between the tests applied to each. Davis, 428 F.3d at 806. We disagree. The purpose of the "prejudice" component is to winnow the cases in which counsel's deficient performance would have no effect on the outcome of the proceedings: "This additional 'prejudice' requirement was based on our conclusion that '[a]n error by

---

[16] Furthermore, the dissent's formulation of the "prejudice" component of the Strickland test suggests the defendant can satisfy it by merely "alleging" prejudice. But Strickland says the defendant "must show that the deficient performance prejudiced the defense." Id., 466 U.S. at 687 (emphasis added). Mr. Cooper has not shown he was prejudiced.

[17] Combined with the proposition that Mr. Cooper need not establish deficient performance, dissent ¶39, the dissent would apparently let defendants prove ineffective assistance of counsel without satisfying any of its elements. Not even Mr. Cooper advanced such pioneering arguments.

24

counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" Hill, 747 U.S. at 57 (quoting Strickland, 466 U.S. at 691) (alteration in original). We agree with Hill that Mr. Cooper cannot show prejudice unless "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 747 U.S. at 59.

\*

¶33 One final point bears mentioning. The dissent is embarking on a significantly different project from the one presented by this case. Our task here is to review the record of Mr. Cooper's criminal proceedings. The dissent, however, wants to create and review a hybrid record comprising Mr. Cooper's criminal case and Mr. Hicks' disciplinary proceedings. To further complicate matters, this hypothetical record did not become hybridized until after the circuit court completed its work, so the author is retroactively reading into the Cooper record information that was not available to the circuit court when the actions and decisions under review occurred. Making the dissent's proposed experiment in hybrid records even more problematic is the fact that one is criminal and the other is disciplinary. The differences between the two types of cases with respect to evidentiary standards, procedural safeguards, constitutional requirements, and interests of the different parties are too vast to catalogue here. Neither the dissent nor Mr. Cooper explain how we can iron out all of those differences

25

in a way that would allow one record to rationally inform the other. Ultimately, the dissent's proposal to hybridize the record simply creates a path for collaterally attacking a criminal conviction via our attorney disciplinary proceedings. We are unwilling to blaze that trail.

IV. CONCLUSION

¶34 Our conclusions with respect to the three issues presented by this case are as follows. First, the record does not demonstrate that the professional misconduct described in <u>Hicks</u> prevented Mr. Cooper from receiving the effective assistance of counsel. Because that was the only rationale he offered (in this court) for withdrawing his plea, we conclude the circuit court did not erroneously exercise its discretion when it denied Mr. Cooper's motion. Second, we conclude that we did not adopt the referee's statement regarding the effect of Mr. Hicks' professional misconduct on Mr. Cooper's defense. And third, we need not determine whether the State would have been prejudiced if Mr. Cooper had been allowed to withdraw his plea because we conclude he did not present a "fair and just reason" for doing so.

*By the Court.*—The decision of the court of appeals is affirmed.

¶35 SHIRLEY S. ABRAHAMSON, J., withdrew from participation prior to oral argument.

26

¶36 REBECCA FRANK DALLET, J. *(dissenting)*. In determining that Attorney Michael J. Hicks violated the Rules of Professional Conduct for Attorneys in his representation of Mr. Cooper, we accepted and relied upon the Office of Lawyer Regulation ("OLR") referee's factual findings. The referee found that during the 10 months leading up to the trial date on which Mr. Cooper entered his guilty plea, Attorney Hicks failed to consult with Mr. Cooper regarding trial strategy and preparation and failed to provide Mr. Cooper with requested discovery.[1] We agreed with the referee that the factual findings support the conclusion that Attorney Hicks engaged in the professional misconduct outlined by the referee, including a statement that Mr. Cooper was prevented from "adequately understanding and participating in his own defense." In re Disciplinary Proceedings Against Hicks, 2016 WI 31, ¶28, 368 Wis. 2d 108, 877 N.W. 2d 848.[2] I disagree with the majority opinion's conclusion that this court's decision in Hicks "has no material effect" on Mr. Cooper's motion to withdraw his plea pre-sentencing. Majority op., ¶18. I therefore dissent.

---

[1] The OLR referee found that Attorney Hicks failed between "January 2013 and February 12, 2013, between March 11, 2013 and August 16, 2013, and between August 18, 2013 and October 20, 2013 to communicate with [Mr. Cooper] regarding the issues raised in [Mr. Cooper's] January 2013 letter [requesting discovery and raising concerns about his case] and to otherwise consult with [Mr. Cooper] regarding trial strategy and preparation." In re Disciplinary Proceedings Against Hicks, 2016 WI 31, ¶28, 368 Wis. 2d 108, 877 N.W.2d 848.

[2] The majority opinion attempts to distance itself from our language and holding in Hicks. The majority seems to be saying: "just because we said it does not mean we actually meant it."

1

¶37 In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel. First, the defendant must show that counsel's performance was deficient, which requires showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Second, the defendant must show that the deficient performance prejudiced the defense, which requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In Hill v. Lockhart, 474 U.S. 52, 58 (1985), the Court held that the two-part Strickland test applied to a defendant's post-sentencing motion to withdraw his plea based on ineffective assistance of counsel.

¶38 The majority opinion ultimately determines that even if Attorney Hicks' performance was deficient, Mr. Cooper failed to allege prejudice resulting from that deficient performance, and therefore his motion to withdraw his plea fails. Majority op., ¶¶28-30. I disagree with the majority opinion's conclusion that Mr. Cooper failed to allege that Attorney Hicks' deficient performance caused prejudice. Although Mr. Cooper's counsel stated at the hearing that Mr. Cooper still "might" decide to enter a plea, Mr. Cooper is now asking this court to "allow him to withdraw his guilty plea, and remand this case for further

2

proceedings and a <u>trial on the merits</u>." (emphasis added). Mr. Cooper alleges sufficient prejudice that resulted from Attorney Hicks' deficient performance, namely, hasty entry of a plea because Attorney Hicks was not prepared to defend him on the day of trial.

¶39 Moreover, by requiring Mr. Cooper to prove deficiency as part of a motion for plea withdrawal pre-sentencing, the majority opinion equates the standard for withdrawal of a plea post-sentencing, "manifest injustice," with the lower pre-sentencing standard of a "fair and just reason." See <u>State v. Cain</u>, 2012 WI 68, ¶24, 342 Wis. 2d 1, 816 N.W.2d 177 (emphasizing that while a circuit court should "'freely allow a defendant to withdraw his plea prior to sentencing for any fair and just reason, unless the prosecution [would] be substantially prejudiced,'" this standard should not be confused with the post-sentencing rule "'where the defendant must show the withdrawal is necessary to correct a manifest injustice.'") (quoted source omitted). "A manifest injustice is a serious flaw in the fundamental integrity of the plea, generally of a constitutional dimension" and must be shown by clear and convincing evidence. <u>State v. Shimek</u>, 230 Wis. 2d 730, 740, 601 N.W.2d 865 (Ct. App. 1999). To prove that ineffective assistance of counsel resulted in a manifest injustice, this court has required a defendant to demonstrate both prongs of an ineffective assistance of counsel claim. See <u>State v. Dillard</u>, 2014 WI 123, ¶¶84-85, 358 Wis. 2d 543, 859 N.W.2d 44; <u>see also</u> <u>State v. Bentley</u>, 201 Wis. 2d 303, 311-12, 548 N.W.2d 50 (1996).

3

¶40 In contrast, to withdraw a plea prior to sentencing, a defendant need only prove by a preponderance of the evidence a "fair and just reason." State v. Canedy, 161 Wis. 2d 565, 584, 469 N.W.2d 163 (1991). A "fair and just reason" is defined as "the mere showing of some adequate reason for the defendant's change of heart." Libke v. State, 60 Wis. 2d 121, 128, 208 N.W.2d 331 (1973). Less proof is therefore needed to prevail on a motion to withdraw a plea pre-sentencing than post-sentencing. See, e.g., id. at 124 ("It should be easier to withdraw a plea before sentence than after."); see also State v. Reppin, 35 Wis. 2d 377, 384, 151 N.W.2d 9 (1967).

¶41 Guidelines have emerged from appellate cases that aid in the consideration of whether the reason given for plea withdrawal is fair and just. See State v. Shanks, 152 Wis. 2d 284, 290, 448 N.W.2d 264 (Ct. App. 1989); see also United States v. Barker, 514 F.2d 208, 220 (D.C. Cir. 1975) (noting that "the terms 'fair and just' lack any pretense of scientific exactness."). Several factors courts consider include: assertion of innocence, a genuine misunderstanding of a plea's consequences, hasty entry of a plea, confusion of the defendant, coercion by trial counsel, and expeditiously seeking plea withdrawal. See Shanks, 152 Wis. 2d at 290-91. If a defendant proves by a preponderance of the evidence a fair and just reason for withdrawal of his or her plea prior to sentencing, then the burden shifts to the State to show substantial prejudice in order to defeat the plea withdrawal. State v. Bollig, 2000 WI 6, ¶34, 232 Wis. 2d 561, 605 N.W.2d 199.

4

¶42 It is noteworthy that both Strickland and Hill involved a motion to withdraw a plea post-sentencing and that there is no United States Supreme Court or Wisconsin precedent requiring a defendant to show prejudice as a result of counsel's deficient performance when moving to withdraw a plea pre-sentencing. In United States v. Davis, 428 F.3d 802, 808 (9th Cir. 2005), the Ninth Circuit held that a defendant does not have to show prejudice as a result of his counsel's deficient performance, instead he need only show that the deficient performance "could have motivated his decision to plead guilty" (emphasis in original). The Davis court concluded that "[t]o require a defendant to satisfy the prejudice prong of Hill in order to withdraw a plea based on counsel's erroneous advice eviscerates the distinction between a motion to withdraw a plea made pre-sentence and a post-sentence challenge to a plea." Id. at 806.

¶43 I therefore focus my attention not on whether Mr. Cooper must show prejudice, which may be inconsequential pre-sentencing, but on whether the circuit court erred in finding that Attorney Hicks' performance was not deficient. See State v. Turner, 136 Wis. 2d 333, 343-44, 401 N.W.2d 827 (1987) (applying a clearly erroneous standard to the circuit court's findings of fact). By making factual findings now known to be incorrect, the circuit court erroneously determined that Attorney Hicks was prepared for trial at the time of Mr. Cooper's plea. This court should therefore remand this case for a new plea withdrawal hearing.

¶44 At the plea withdrawal hearing, Mr. Cooper's new counsel articulated two ways in which Attorney Hicks was deficient. First, Attorney Hicks did not inform Mr. Cooper of the suspension of his law license. Second, Mr. Cooper "entered the plea in haste" based upon his belief that "he felt like his attorney wasn't prepared" to proceed to trial. This belief led Mr. Cooper to answer the circuit court's questions at the plea hearing in the manner in which he did.

¶45 The majority opinion broadly discounts Attorney Hicks' deficient performance and mistakenly states that "[a]ll of these facts and allegations were already before the circuit court when it considered Mr. Cooper's motion . . . ." Majority op., ¶25. According to the majority opinion, this court's disciplinary decision in Hicks "suggests no additional support for Mr. Cooper's claim that he received ineffective assistance of counsel prior to entering his plea." Id., ¶24. However, it is apparent that the circuit court drew conclusions based upon incomplete and incorrect information.

¶46 Regarding Attorney Hicks' failure to inform Mr. Cooper of his license suspension, the circuit court stated:

> I don't know what attempts Mr. Hicks made to communicate [his license suspension] or whether or not he did . . . I don't see anything in the record, at least at this point, to say that Mr. Hicks didn't communicate that or if he did communicate that whether or not Mr. Cooper cared.

6

It is now undisputed that Attorney Hicks never communicated the fact that his law license was suspended to Mr. Cooper.[3] Mr. Cooper further testified at the plea withdrawal hearing about how he felt misled by Attorney Hicks due to the lack of disclosure regarding his law license suspension. The circuit court's finding was therefore erroneous.

¶47 It is Mr. Cooper's second proffered reason, his hasty entry of a plea because Attorney Hicks was not prepared and did not turn over requested discovery, that causes even more concern in light of this court's conclusions in Hicks, 368 Wis. 2d 108. On October 8, 2013, Mr. Cooper wrote a letter to the circuit court stating that "[t]here are approximately 13 days till trail [sic] and I have yet to receive a copy of the discovery material to review the evidence against me." Mr. Cooper further stated that he was not prepared for trial and that his alibi witness was not subpoenaed. In his December 21, 2013 letter to the circuit court asking to withdraw his guilty plea, Mr. Cooper said that he was never provided with the documents he sought and that he "was misslead [sic] by my counsel that I was dstined [sic] to loss [sic] my case if I go to trial, and [i]f I take this plea I will still go home on time. Even [i]f I didn't commit this case a plea will be in my best interest."

¶48 Based upon Mr. Cooper's statements at the plea hearing indicating that he wanted the circuit court to take "no actions"

---

[3] In Hicks, we accepted the referee's factual finding that Attorney Hicks failed to notify Mr. Cooper of his law license suspension. Hicks, 368 Wis. 2d 108, ¶¶26, 28.

with respect to the letters he had sent, the circuit court discounted the letters. The circuit court made no factual findings about whether or not Attorney Hicks had communicated with Mr. Cooper regarding trial preparation or whether he had turned over the requested discovery to Mr. Cooper. The circuit court concluded that "prior to the plea Mr. Cooper is sitting, they weren't ready for trial, there were alibi witnesses available, he felt he had a defense, and all of those things seem to be consistent with someone who is prepared and going to trial." The circuit court further emphasized the generous plea deal and speculated that Attorney Hicks prevailed upon Mr. Cooper to take the deal.

¶49 The circuit court erroneously found that Mr. Cooper was prepared to proceed to a jury trial on October 21, 2013. The factual findings accepted in Hicks establish that for the 10 months prior to trial, Attorney Hicks failed to communicate with Mr. Cooper regarding trial strategy and preparation and failed to give Mr. Cooper discovery that he had requested to review prior to trial. This court agreed with the referee that the factual findings support the conclusion that the lack of communication between Attorney Hicks and Mr. Cooper resulted in Mr. Cooper being prevented from "adequately understanding and participating in his own defense." Hicks, 368 Wis. 2d 108, ¶28. The fact that Mr. Cooper took a plea on the day of trial to take advantage of what the circuit court characterized as a "good deal," is inapposite. Based on Attorney Hicks' lack of communication and consultation with Mr. Cooper and his failure

8

to turn over discovery, the circuit court erroneously found that Mr. Cooper was prepared to proceed to trial.[4]

¶50 The majority opinion claims that I am "hybridiz[ing] the record" and creating "a path for collaterally attacking a criminal conviction via our attorney disciplinary proceedings." Majority op., ¶33. However, Mr. Cooper's case is notable because this court accepted the legal conclusion that a defendant was prevented from "adequately understanding and participating in his own defense." This court should not now pretend our words in <u>Hicks</u> were meaningless. While I acknowledge the majority opinion's concern, in the rare situation that this issue arises again, the right to effective assistance of counsel is fundamental and therefore justifies remand to the circuit court for a new plea withdrawal hearing.

¶51 For the foregoing reasons I would remand the case to the circuit court for a new plea withdrawal hearing. At that hearing, the circuit court should consider all of these now undisputed facts and make a determination as to whether Mr. Cooper offered a fair and just reason for withdrawal of his plea. Factors for the circuit court to consider include: Attorney Hicks' lack of communication and preparation for trial, possible coercion by Attorney Hicks to accept a plea, Mr. Cooper's potentially hasty entry of a plea, and Mr. Cooper's

---

[4] Of note, Mr. Cooper filed a grievance with OLR against Attorney Hicks well before his plea withdrawal hearing. In December 2013, OLR requested specific documents and information from Attorney Hicks surrounding Mr. Cooper's claims.

9

subsequent expeditious request to withdraw his plea. If the circuit court determines Mr. Cooper has demonstrated a fair and just reason to withdraw his plea, the burden shifts to the State to show substantial prejudice to defeat the plea withdrawal.[5] See Bollig, 232 Wis. 2d 561, ¶34.

¶52 Accordingly, I respectfully dissent.

¶53 I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.

---

[5] The circuit court summarily stated "for purposes of the record": "given the age of the case and the time lapse, I would find that there would be a substantial prejudice to allow [Mr. Cooper] to withdraw the plea at this point in time." However, because the circuit court did not find a fair and just reason to support plea withdrawal, this analysis was incomplete.