COURT OF APPEALS
DECISION
DATED AND FILED

September 17, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2162-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF1111

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

SEAN C. JORDAN,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Racine County: WYNNE P. LAUFENBERG, Judge. *Affirmed*.

Before Gundrum, Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Sean C. Jordan appeals from a judgment of the circuit court and an order denying his motion for postconviction relief.  He claims the State breached the plea agreement by the comments it made at his resentencing hearing, his counsel performed ineffectively by failing to object to the comments, and the court erred in failing to grant his postconviction motion related to these claims.  For the following reasons, we affirm.

## *Background*

¶2     In July 2020, Jordan pled no contest to "the amended charge of first[-]degree sexual assault of a child, intercourse under age 13."  The parties agreed that upon Jordan's plea to this charge, "the State [would recommend] 10 to 12 years initial confinement plus [extended supervision] to the [circuit c]ourt."  The State made this precise recommendation at the December 2020 sentencing hearing.  The court imposed a sentence of 30 years initial confinement (IC) followed by 7 years of extended supervision (ES).

¶3     In July 2021, the Department of Corrections notified the circuit court and the parties that the sentence was in error because it did "not meet the statutory requirements pursuant to WIS. STAT. § 973.01(2)(d) [(2023-24)[1]], which states, 'The term of extended supervision may not be less than 25% of the length of the term of confinement in prison imposed ....'"  Jordan moved for resentencing on this basis in January 2023, "because the term of extended supervision of 7 years was less than 25% of the term of initial confinement of 30 years."

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

¶4    The circuit court held a new sentencing hearing at which it recognized that "[t]his matter is back due to a procedural error by this [c]ourt with respect to the length of extended supervision and overall sentence."   The court noted that it had vacated Jordan's sentence months earlier in conjunction with setting the matter for a new sentencing.   As the lion's share of the State's arguments, the prosecutor stated:

> This [c]ourt on December 21, 2020[,] originally sentenced Mr. Jordan and I believe that the argument made by ADA Van Schyndel at that time was appropriate and on point.  I also believe that *the sentence that was imposed minus the mathematical error* in the calculation on the extended supervision *was appropriate* for all the reasons set forth in the record.  I would *ask the [c]ourt to* adopt those and *impose the same sentence, except for the extended supervision* and modify that to 7.5 years, seven years six months, which would then bring it within the [bare] minimum 25 percent of the incarceration.  So the ES would be statutorily valid and … with that, Your Honor, I think the [c]ourt addressed the gravity of the [offense], the character of the defendant, the need to protect the public, and rehabilitative needs and the necessity for them to be in a corrective setting at the prior hearing.  And I would just ask the [c]ourt to adopt those.

(Emphases added.)

¶5    Jordan's sister spoke next and was then followed by Jordan's counsel.  Following their comments, the court resentenced Jordan to 30 years of IC and 7.5 years of ES.  At no time during the resentencing hearing did Jordan object to the State's sentencing comments on the basis that they constituted a breach of the plea agreement, or on any other basis.

¶6    In July 2024, Jordan again moved for postconviction relief, this time on the basis that the State breached its plea agreement by not recommending at the resentencing hearing "10 to 12 years of initial confinement" plus ES but instead recommending "the same sentence [the court imposed at the original sentencing],

except for the extended supervision and modify that to 7.5 years." He also asserted that his resentencing counsel provided him ineffective assistance by failing to object on this basis to the State's resentencing arguments. The circuit court denied Jordan's motion without a hearing, and Jordan appeals.

### *Discussion*

¶7 To receive relief based on a claim that the State breached a plea agreement, a defendant must show by clear and convincing evidence that the alleged breach was both material and substantial. *State v. Deilke*, 2004 WI 104, ¶13, 274 Wis. 2d 595, 682 N.W.2d 945. "A breach is material and substantial if it 'violates the terms of the agreement and deprives the defendant of a material and substantial benefit for which he or she bargained.'" *State v. Campbell*, 2011 WI App 18, ¶7, 331 Wis. 2d 91, 794 N.W.2d 276 (2010) (citation omitted).

¶8 When a defendant fails to object to the State's alleged breach, as Jordan failed to do, the defendant forfeits "his right to directly challenge [it]," and his challenge generally must instead be reviewed "in the context of an ineffective assistance of counsel claim." *State v. Bowers*, 2005 WI App 72, ¶6, 280 Wis. 2d 534, 696 N.W.2d 255. To succeed on a claim of ineffective assistance of counsel, a defendant must show counsel's performance was deficient and the deficiency prejudiced him. *State v. Erickson*, 227 Wis. 2d 758, 768, 596 N.W.2d 749 (1999). If the defendant fails to prove either prong, we need not address the other. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

¶9 To prove deficient performance, the prong relevant to this appeal, a defendant must show that counsel's acts or omissions were "outside the wide range of professionally competent assistance," *see id.* at 690, and were "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant

4

by the Sixth Amendment," *see* **State v. Maloney**, 2005 WI 74, ¶24, 281 Wis. 2d 595, 698 N.W.2d 583 (citation omitted). Whether counsel's performance was deficient is a question of law we determine independently of the circuit court. **State v. Sanders**, 2017 WI App 22, ¶10, 375 Wis. 2d 248, 895 N.W.2d 41.

¶10 At the July 2020 plea hearing, the State agreed to recommend at sentencing "10 to 12 years initial confinement" plus ES. It is undisputed that the State recommended precisely that at Jordan's original sentencing in December 2020. Jordan's complaint is that the State did not make this same recommendation when he was resentenced three and one-half years after the original sentencing; instead, the prosecutor stated that the circuit court's originally imposed IC term of 30 years "was appropriate" and asked the court to "impose the same sentence." Jordan asserts that "the State was obligated to recommend the agreed-to 10 to 12 years of initial confinement."

¶11 We certainly agree that if the State had recommended 30 years of IC at the original sentencing hearing, it would have been in breach of its promise to recommend "10 to 12 years of initial confinement." But, at the original hearing, the State provided Jordan precisely what was bargained for.

¶12 Where Jordan falters is that while he insists the State was "obligated" to also make that same "10 to 12 years" recommendation at his subsequent sentencing years later, his assertion is conclusory as he fails to direct us to any clear law supporting this position. Indeed, the most on-point case we have been able to find in Wisconsin, **State v. Windom**, 169 Wis. 2d 341, 485 N.W.2d 832 (Ct. App. 1992), strongly suggests that the State did *not* breach the

plea agreement by failing to recommend "10 to 12 years" at the second sentencing hearing.[2]  Regardless, it is settled law that where the law and facts do not clearly provide that the State materially and substantially breached the agreement, counsel will not be deemed to have performed deficiently in failing to object.  *See Sanders*, 375 Wis. 2d 248, ¶16 (concluding "counsel does not perform deficiently in failing to 'object and argue a point of law' that is 'unclear.'" (quoting *State v. Morales-Pedrosa*, 2016 WI App 38, ¶16, 369 Wis. 2d 75, 879 N.W.2d 772 (citation omitted)).  That is the case here.

---

[2] In *State v. Windom*, 169 Wis. 2d 341, 345, 485 N.W.2d 832 (Ct. App. 1992), the State agreed that if Windom pled to a burglary charge, the State "will be making no specific recommendation but leaving [sic] sentencing up to the court." (Alteration in original.)  The State upheld its part of the deal "by remaining silent," and the circuit court withheld sentence and placed Windom on probation.  *Id.* at 344.  When Windom's probation was revoked months later, due in part to an armed robbery, Windom "reappeared before the circuit court for resentencing on the burglary charge."  *Id.* at 345.  The State then recommended, as we phrased it, "that any sentence ordered by the court on the burglary conviction should be consecutive to the sentence imposed for the armed robbery offense."  *Id.*

We determined on appeal that

> the scope of the plea agreement was limited to the original sentence for probation and therefore the State did not breach the plea agreement.  There is no evidence to indicate the parties intended the plea agreement to extend beyond the original sentencing for burglary.  To treat the sentencing after probation revocation as an integral part of the original sentence would bind the State to that plea agreement ad infinitum in all subsequent sentencing hearings arising out of the original crime.

> ….

> … The State fulfilled its duty under the plea agreement by remaining silent at the original sentencing hearing.  The scope of the plea agreement was limited to the original hearing for which Windom was sentenced to probation.

*Id.* at 350-352.

¶13    It is Jordan's burden as the appellant to show how the circuit court erred, *see Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381; it is his burden as the party asserting a breach of the plea agreement to show a material and substantial breach, *see Deilke*, 274 Wis. 2d 595, ¶13; and it is his burden as a defendant claiming his counsel performed ineffectively to show, inter alia, that counsel performed deficiently, *see State v. Cooper*, 2019 WI 73, ¶28, 387 Wis. 2d 439, 929 N.W.2d 192; *Maloney*, 281 Wis. 2d 595, ¶24. He has made none of these showings and satisfied none of his burdens.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.