STATE of Wisconsin, Plaintiff-Respondent,

v.

Kenneth C. HOUSE, Defendant-Appellant.

Court of Appeals

*No. 2012AP2414–CR. Submitted on briefs June 26, 2013. —Decided August 14, 2013.*

2013 WI App 111

(Also reported in 837 N.W.2d 645.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Brian C. Hagner* of *Magner, Hueneke, Smith & Borda, LLP*, Greenfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Nancy A. Noet*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Neubauer, P.J., and Gundrum, J.

¶ 1. NEUBAUER, P.J.   Kenneth C. House appeals a judgment of conviction for felony possession of tetrahydrocannabinol (THC), second offense, pursuant to Wis. Stat. § 961.41(3g)(e) (2011–12).[1] His conviction followed the discovery of marijuana in the trunk of the car House was driving when he was pulled over for operating with a suspended registration. After returning his license and issuing a warning to House, the investigating officer conducted a dog sniff on the vehicle and found the marijuana. House argues the trial court erred in ruling that the officer reasonably extended the duration of the traffic stop for the purpose of conducting a dog sniff after the traffic stop for suspended registration had concluded. We agree and therefore reverse and remand.

## BACKGROUND

¶ 2.   On December 1, 2010, Officer John Hoell of the Mequon Police Department was on highway patrol when he observed a vehicle operating with a suspended registration. Hoell testified to the following undisputed facts at the initial appearance and the hearing on the suppression motion. Hoell stopped the vehicle and requested to see the operator's license. Hoell ran the license and learned that the driver, House, was on probation for possession of a controlled substance.

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

Hoell asked House to exit the vehicle, returned House's license to him and handed him a warning for the suspended registration. Hoell testified that the traffic stop was completed at the time he gave House the warning, but that House would not have believed that he was free to leave. Hoell then retrieved his police dog from his car and, within a minute, returned to conduct a sniff of the vehicle. The dog indicated for the odor of controlled substances on the driver's door and on the passenger door. Hoell searched the vehicle's interior and did not find "anything." Using the ignition key to access the trunk, Hoell discovered a bag containing a green, leafy substance later determined to be marijuana. Hoell arrested House for possession of a controlled substance.

¶ 3.    The State charged House with possession of THC with intent to deliver, pursuant to WIS. STAT. § 961.41(1m)(h)2., as a subsequent offender under WIS. STAT. § 961.48(1)(b). House moved to suppress the evidence, arguing that the marijuana was obtained while he was illegally seized. The trial court denied House's motion. The case went to trial; the jury was unable to reach a unanimous verdict, and House pled no contest to an amended charge of felony possession of THC, second or subsequent.

## STANDARD OF REVIEW

██ ██

¶ 4.    The constitutionality of a seizure is a question of constitutional fact. *State v. Kieffer*, 217 Wis. 2d 531, 541, 577 N.W.2d 352 (1998). We uphold a trial court's findings of historical fact unless clearly erroneous, but whether those facts pass constitutional muster

is a question of law we review de novo. *State v. Vorburger*, 2002 WI 105, ¶ 32, 255 Wis. 2d 537, 648 N.W.2d 829.

## DISCUSSION

■■
¶ 5.    The United States and Wisconsin Constitutions protect the right of individuals to be free from unreasonable searches and seizures. U.S. CONST. amend. IV; WIS. CONST. art. I, § 11. Whether a seizure is reasonable within the context of a traffic stop depends on whether (1) "the seizure was justified at its inception" and (2) the "officer's action 'was reasonably related in scope to the circumstances which justified the interference in the first place.' " *State v. Arias*, 2008 WI 84, ¶ 30, 311 Wis. 2d 358, 752 N.W.2d 748 (quoting *Terry v. Ohio*, 392 U.S. 1, 20 (1968)). House does not challenge the initial stop. Thus, the only issue is whether House's detention after Hoell returned his license and issued the warning was reasonably related in scope to the purpose of the stop.

■■
¶ 6.    We agree with the parties that *Arias* controls our analysis. There, our supreme court confirmed that, for constitutional purposes, a dog sniff is not a search. *See id.*, ¶¶ 14, 24 (citing *Illinois v. Caballes*, 543 U.S. 405, 410 (2005)). However, a dog sniff can unreasonably prolong the seizure of the person upon whose vehicle the dog sniff is conducted. *See id.*, ¶ 26. Notably, the *Arias* court expressly distinguished between the dog sniff in that case, which occurred within an *ongoing* traffic stop, and dog sniffs that occurred *after* the officer had concluded the underlying stop, and thus the purpose of the stop had been satisfied. Where the reasons

justifying the initial stop have ceased to exist because the purpose of the stop has concluded, further seizure is beyond the scope of the initial stop. *See id.*, ¶ 32 (whether an investigative detention is reasonably related in scope to the circumstances justifying the stop depends on "whether it lasted 'no longer than is necessary to effectuate the purpose of the stop' ") (quoting *Florida v. Royer*, 460 U.S. 491, 500 (1983)).

¶ 7.   Thus, in *Arias*, prolonging an ongoing traffic stop for seventy-eight seconds to conduct a dog sniff was not an unreasonable intrusion when weighed against the public interest in deterring the flow of narcotics. By contrast, in *State v. Betow*, 226 Wis. 2d 90, 593 N.W.2d 499 (Ct. App. 1999), the seizure attendant to the dog sniff "was unreasonable under the totality of the circumstances presented . . . because Betow's traffic stop for speeding had been concluded when the officer asked if he could search Betow's vehicle." *Arias*, 311 Wis. 2d 358, ¶ 43. Similarly, in *State v. Gammons*, 2001 WI App 36, 241 Wis. 2d 296, 625 N.W.2d 623, "the reason for the initial seizure had been satisfied, the driver and the two passengers had provided identification, the officer had run computer checks on all three, the officer asked to search the vehicle and the driver had refused." *Arias*, 311 Wis. 2d 358, ¶ 46 (citations omitted). The seizure and attendant dog sniff became an unlawful detention when the officer continued to detain the vehicle after the purpose of the traffic stop had concluded. *See id.*

¶ 8.   The State points us to the reasonableness test set forth in *Arias* balancing the "public interest and the individual's right to personal security free from arbitrary interference by law officers." *Id.*, ¶ 38 (quoting *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977) (citation omitted)). While this analysis helps quantify

the reasonableness of a seizure during an ongoing stop, the seizure is still subject to the *Terry* test—that a seizure is reasonable only if it is justified at its inception and is "reasonably related in scope to the circumstances which justified the interference in the first place." *Arias*, 311 Wis. 2d 358, ¶ 30 (quoting *Terry*, 392 U.S. at 20).

¶ 9.    Here, unlike in *Arias*, the dog sniff attendant to House's seizure occurred *after* Hoell had completed everything related to the initial stop. Hoell ran House's license, and then Hoell conducted the dog sniff after he gave House back his license and issued him a warning. *See State v. Jones*, 2005 WI App 26, ¶¶ 2–4, 18, 22, 278 Wis. 2d 774, 693 N.W.2d 104 (traffic stop ended with the issuance of the warning citation and return of the defendant's and the driver's identification cards).

¶ 10.    Here, the undisputed facts establish that the reasons justifying the initial stop ceased to exist because the purpose of the stop had been resolved.[2] Therefore, Hoell's continued detention of House to conduct the dog sniff was not reasonably related in scope to the circumstances justifying the stop. Because Hoell gave House no choice in the matter when he conducted the dog sniff, a reasonable person in House's

[2] The trial court found that there was no reasonable suspicion to search the vehicle for drugs prior to the dog sniff. While the State notes that Hoell decided to have his drug-detection dog sniff the car after he learned House was on probation for a drug offense, the State did not argue below and does not contend on appeal that House's probation status alone provided reasonable suspicion to broaden the traffic stop. *See State v. Betow*, 226 Wis. 2d 90, 95 n.2, 593 N.W.2d 499 (Ct. App. 1999) (noting widespread recognition in state and federal courts that police awareness of an individual's prior criminal record in and of itself is insufficient to provide a basis for reasonable suspicion to justify stopping and detaining the individual).

place would not have felt free to leave. *See State v. Williams*, 2002 WI 94, ¶ 22 & n.6, 255 Wis. 2d 1, 646 N.W. 2d 834 (an individual is unlawfully seized if a reasonable person in his or her position would not feel free to leave or to decline the officer's further requests).

¶ 11.   Because we have determined that the seizure was unlawful and the drug evidence therefore inadmissible, we need not address House's second argument, which is that the dog sniff did not establish probable cause for the vehicle search. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (we need not address all issues raised when deciding a case on other grounds).

*By the Court.*—Judgment reversed and cause remanded.