**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**February 27, 2020**

**Sheila T. Reiff**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2018AP1963-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2012CM660

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

ROSALEE M. TREMAINE,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Columbia County:  W. ANDREW VOIGT, Judge.  *Reversed and cause remanded with directions.*

¶1     NASHOLD, J.[1] Rosalee Tremaine appeals a judgment of conviction and an order denying her postconviction motion.  Tremaine argues that

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

her trial counsel was ineffective for failing to raise a meritorious ground for suppressing the evidence against her. I agree and reverse.

## BACKGROUND

¶2 The background facts are not disputed. On October 9, 2012, Lonnie Barron was driving a vehicle with the defendant Rosalee Tremaine riding as the passenger. As the vehicle drove past him, Officer David Clark initiated a traffic stop because he observed a visual obstruction hanging from the vehicle's rear-view mirror.

¶3 After speaking with the driver and Tremaine, Clark decided to issue the driver written warnings for the windshield obstruction and for a defective center brake light that he observed while making the stop. However, Clark's patrol car's printer was not working, so Clark called for another officer to bring the appropriate warning forms. Approximately ten minutes later, the other officer arrived on the scene with the forms.[2]

¶4 While Clark was filling out the warnings, several more officers arrived on the scene, including Officer Brandon Stroik and his police dog. Clark finished filling out the warnings and handed them to the driver, but did not tell the driver that he was free to leave. Instead, the officer informed the driver that a police dog was going to conduct a sniff around the outside of the vehicle.

---

[2] Officer Clark also testified that he was familiar with the vehicle based on past tips from the Sheriff's Department related to drug trafficking. However, the record contains no information about the nature or reliability of these tips, nor does the State assert that the tips were sufficient to establish reasonable suspicion.

¶5      Sometime after the driver received the written warnings, Stroik released the police dog to conduct the dog sniff. Following completion of the dog sniff, one or more of the officers asked the driver and Tremaine to exit the vehicle. Officers then questioned Tremaine and searched her purse, where they found marijuana and a marijuana pipe.

¶6      The State filed a complaint charging Tremaine with two misdemeanors:  possession of THC and possession of drug paraphernalia. Tremaine filed a motion to suppress. Importantly, trial counsel limited the scope of Tremaine's suppression motion to whether the wait for the warning forms made the search unreasonably long in violation of the Fourth Amendment.

¶7      The circuit court held a suppression hearing, and, after briefing from both sides, issued an oral ruling denying Tremaine's suppression motion. Tremaine subsequently pled no contest to possession of THC, and the drug paraphernalia charge was dismissed. The circuit court imposed a fine and costs totaling $694.

¶8      Following Tremaine's plea and sentencing, Tremaine's appellate counsel filed a no-merit report pursuant to WIS. STAT. RULE 809.32 and *Anders v. California*, 386 U.S. 738 (1967). This court rejected the no-merit report, concluding that the record "raises a question about whether the stop ended once the deputy delivered the warning to the driver, and if the dog sniff occurred during a subsequent unconstitutional seizure." *See **State v. Tremaine***, No. 2016AP164-CRNM, unpublished op. and order (WI App Dec. 1, 2016), and order dated October 26, 2016, at 2.

¶9      Tremaine subsequently filed a postconviction motion contending that her trial counsel was ineffective for failing to address the issue raised by this

court in rejecting the no-merit report. The circuit court held a ***Machner*** hearing.[3] The court focused on the length of time between when the driver received the written warnings to completion of the dog sniff. It found that, at the time of the suppression hearing, no evidence existed with respect to that length of time. The court then concluded that trial counsel could not be deficient "for not asking a question" to which "nobody knew" the answer and that trial counsel's failure to ask the question was therefore "at worst, harmless error." In addition, the court determined that, pursuant to ***State v. Arias***, 2008 WI 84, ¶39, 311 Wis. 2d 358, 752 N.W.2d 748, there was no error by trial counsel because whatever period of time elapsed between the driver's receipt of the written warnings to completion of the dog sniff was reasonable. As a result, the court denied Tremaine's postconviction motion alleging ineffective assistance of counsel.

¶10 This appeal followed.

## DISCUSSION

### *I. Standard of Review*

¶11 A defendant who seeks to withdraw a plea after sentencing must prove by clear and convincing evidence that refusing to allow withdrawal of the plea would result in a "manifest injustice." ***State v. Fugere***, 2019 WI 33, ¶16, 386 Wis. 2d 76, 924 N.W.2d 469 (quoting ***State v. Brown***, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906 (internal quotation marks omitted)). One way to demonstrate a "manifest injustice" is to show that the defendant received

---

[3] *See* ***State v. Machner***, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

ineffective assistance of counsel. *State v. Dillard*, 2014 WI 123, ¶84, 358 Wis. 2d 543, 859 N.W.2d 44.

¶12 "An ineffective assistance of counsel claim presents a mixed question of fact and law. We will not reverse the circuit court's findings of fact unless they are clearly erroneous.... We independently review, as a matter of law, whether those facts demonstrate ineffective assistance of counsel." *State v. Pico*, 2018 WI 66, ¶13, 382 Wis. 2d 273, 914 N.W.2d 95 (citations omitted).

## II. *Ineffective Assistance of Counsel*

¶13 The Sixth Amendment to the United States Constitution and Article I, Section 7 of the Wisconsin Constitution guarantee criminal defendants the right to effective assistance of counsel. *Dillard*, 358 Wis. 2d 543, ¶84. To succeed on an ineffective assistance of counsel claim, the defendant must demonstrate (1) that counsel performed deficiently; and (2) that counsel's deficiency prejudiced the defendant. *State v. Tourville*, 2016 WI 17, ¶19, 367 Wis. 2d 285, 876 N.W.2d 735. A defendant who claims that his or her counsel was deficient for failing to bring a suppression motion must show that the motion would have succeeded. *See State v. Jackson*, 229 Wis. 2d 328, 344, 600 N.W.2d 39 (Ct. App. 1999) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). In order to demonstrate prejudice when, as here, the defendant pleads guilty, the defendant must show "'a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" *State v. Cooper*, 2019 WI 73, ¶29, 387 Wis. 2d 439, 929 N.W.2d 192 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

¶14 In this case, nothing in the parties' briefing or in the record indicates that the State had evidence supporting the charges against Tremaine except that

which was seized as a result of the traffic stop and subsequent dog sniff. Thus, if the unraised suppression ground is meritorious, Tremaine can meet both prongs of the ineffective assistance of counsel standard because there is at least a "reasonable probability" that she would have insisted on going to trial. *See Hill*, 474 U.S. at 59.

### III. Legality of the Seizure[4]

¶15 The Fourth Amendment to the United States Constitution prohibits unreasonable seizures. *State v. Rutzinski*, 2001 WI 22, ¶¶12-14, 241 Wis. 2d 729, 623 N.W.2d 516. A traffic stop, "even if only for a brief period and for a limited purpose, constitutes a seizure of persons within the meaning of the Fourth Amendment." *State v. Popke*, 2009 WI 37, ¶11, 317 Wis. 2d 118, 765 N.W.2d 569 (quoted source and internal quotation marks omitted). Whether a seizure is reasonable is governed by a two-part inquiry. *Arias*, 311 Wis. 2d 358, ¶29. First, the seizure must be justified at its inception, and, second, the officer's action must be "'reasonably related in scope to the circumstances which justified the interference in the first place.'" *Id.*, ¶30 (quoting *Terry v. Ohio*, 392 U.S. 1, 20 (1968)). Under the latter part of this inquiry, when "the reasons justifying the initial stop have ceased to exist because the purpose of the stop has concluded,

---

[4] Tremaine argues that, in analyzing whether trial counsel was ineffective, this court should retroactively apply *Rodriguez v. United States*, 575 U.S. 348 (2015), decided after the 2014 suppression proceedings here. *Rodriguez* explicitly rejects a "*de minimis* rule," under which a dog sniff is constitutionally permissible if it occurs within a short time following the completion of a traffic stop and constitutes only a *de minimis* intrusion. *See id.* at 353-57. Instead, the Court held that "a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." *Id.* at 350. Because I conclude that *Rodriguez* is not in conflict with precedent that was in force in 2014, I need not address Tremaine's retroactivity argument. Nevertheless, this opinion's Fourth Amendment analysis relies on precedent in effect at the time of the 2014 suppression proceedings.

further seizure is beyond the scope of the initial stop." ***State v. House***, 2013 WI App 111, ¶6, 350 Wis. 2d 478, 837 N.W.2d 645 (citing ***Arias***, 311 Wis. 2d 358, ¶32). Tremaine does not challenge the initial stop. Therefore, the only issue on appeal is whether her continued detention after issuance of the written warnings to conduct the dog sniff was "reasonably related in scope to the purpose of the stop." *See **id.***, ¶5.

¶16    I conclude that, once the driver received the written warnings, the "reasons justifying the initial stop ceased to exist" and Tremaine's continued detention to conduct the dog sniff was not "reasonably related in scope to the purpose of the stop." *See **id.***, ¶¶5, 10; *see also **State v. Jones***, 2005 WI App 26, ¶¶2-4, 7 & n.4, 278 Wis. 2d 774, 693 N.W.2d 104 (traffic stop for speeding ended once an officer gave the driver a citation and returned the identifying documents to all occupants of the stopped vehicle).[5]

¶17    In reaching the opposite conclusion, the circuit court first relied on ***Arias***, in which our supreme court held that a 78-second dog sniff conducted during an ongoing traffic stop did not unreasonably prolong the stop. *See **Arias***, 311 Wis. 2d 358, ¶39. Applying ***Arias***, the circuit court reasoned that the extension of the stop after the driver received the written warnings but before the dog sniff was completed was reasonable.

¶18    The circuit court's reading and analysis of ***Arias*** is misplaced because the conclusion in ***Arias*** regarding the 78-second extension applied to an *ongoing stop*, not the extension of an *already completed stop*. *See **id.*** ("The dog

---

[5] There is no indication in the record, and the State has never asserted, that the officers in this case maintained possession of either passenger's identifying documents during the dog sniff.

sniff was part of the on-going traffic stop of Schillinger that occurred because she was a minor and was transporting alcohol that Arias had placed in her vehicle."); *see also House*, 350 Wis. 2d 478, ¶9 (emphasizing that *Arias* dealt with an ongoing traffic stop). After the purpose of the initial stop has concluded, the continued seizure of a person, regardless of duration, is unlawful, unless it is justified by reasonable suspicion or some other independent legal ground. *See House*, 350 Wis. 2d 478, ¶¶6-10.[6] Thus, to the extent that the circuit court read *Arias* as permitting brief seizures after completed stops, it did so in error.[7]

¶19    The circuit court also concluded that Tremaine's counsel could not have been ineffective for failing to ask a question to which no one knew the answer, namely, how long Tremaine was detained between issuance of the written warnings and completion of the dog sniff. However, establishing this length of time was unnecessary because, as previously stated, *any* continued detention beyond what was reasonably related in scope to the purpose of the initial stop was unlawful. Tremaine's counsel therefore performed deficiently by failing to move to suppress on this ground. *See House*, 350 Wis. 2d 478, ¶¶6-10.

¶20    In short, because Tremaine's continued detention to conduct the dog sniff was unlawful, the evidence obtained as a result of the dog sniff would have

---

[6] The State did not argue in the postconviction proceeding below, nor does it contend on appeal, that reasonable suspicion supported a continued detention to conduct the dog sniff. Notably, on appeal, the State fails to respond to Tremaine's argument in her initial brief that law enforcement had no reasonable suspicion for this continued detention. As a result, this issue is conceded. *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994). I also observe that the record does not contain facts sufficient to constitute reasonable suspicion or any other legal basis to detain Tremaine or the driver for purposes of conducting the dog sniff.

[7] I also note that, even if *State v. Arias*, 2008 WI 84, 311 Wis. 2d 358, 752 N.W.2d 748, could be read as allowing a brief seizure beyond a completed stop, there was insufficient evidence here to conclude that this time period was brief.

been suppressed had a motion been properly raised. *See State v. Gammons*, 2001 WI App 36, ¶24, 241 Wis. 2d 296, 625 N.W.2d 623. As a result, Tremaine's trial counsel was ineffective for not raising this issue. Had Tremaine's counsel made the proper argument, the only evidence against her would have been suppressed and there is at least "'a reasonable probability that ... [she] would not have pleaded guilty and would have insisted on going to trial.'" *See Cooper*, 387 Wis. 2d 439, ¶29 (quoting *Hill*, 474 U.S. at 59).

### *IV. Reimbursement for Fine and Costs*

¶21 Tremaine also asks this court to order that "she be reimbursed for the fine and costs she paid as a result of her conviction." However, Tremaine does not cite any authority authorizing this court to consider her request in the first instance, nor does she specify the actual dollar amount to which she is allegedly entitled. Accordingly, on remand, Tremaine may file a motion for appropriate relief.

### CONCLUSION

¶22 For the reasons stated, I reverse the circuit court's order denying Tremaine's postconviction motion and remand with directions to vacate the judgment of conviction, allow Tremaine to withdraw her plea, and conduct any necessary further proceedings consistent with this opinion.

*By the Court.*—Judgment and order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.