COURT OF APPEALS
DECISION
DATED AND FILED

July 28, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP207-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF1640

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DARQUICE J. EDWARDS,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Racine County: FAYE M. FLANCHER, Judge. *Affirmed*.

Before Neubauer, C.J., Gundrum and Davis, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Darquice J. Edwards appeals from a judgment of conviction and from an order of the circuit court denying his postconviction motion to withdraw his pleas.[1]  Because the circuit court properly concluded that Edwards did not satisfy the applicable standards for plea withdrawal, we affirm.

## I. BACKGROUND

¶2    The following facts are taken from the criminal complaint.  The victim in this matter suffered a gunshot wound to his back.  The victim said that he and three others went into a store.  After making his purchases, the victim returned to the car and sat in the back seat.  As he did so, three men identified as Edwards, Tihler Townes, and Larice Evans ran up and tried to open the rear passenger door of the car, which the victim had locked.

¶3    Edwards and Townes proceeded to open the front passenger door "and are seen on surveillance video punching and beating [the victim]."  Townes admitted to police that he pointed a gun at the victim's face.  After being robbed of his cash and his phone, the victim was able to get out of the car and started running away.  As the victim did so, Edwards "[was] captured on video shooting [the victim], striking him with a bullet in the back."

¶4    The victim survived, and both he and Townes identified Edwards as the shooter.  The complaint further alleged that Edwards was previously convicted of a felony.

---

[1] The Honorable Emily S. Mueller presided over the plea hearing.  The Honorable Faye M. Flancher presided over Edwards' presentence motion for plea withdrawal, sentenced him, and denied his postconviction motion for plea withdrawal.

¶5      The State charged Edwards with the following crimes: attempted first-degree intentional homicide by use of a dangerous weapon as a repeater, armed robbery as party to the crime as a repeater, and possession of a firearm by a felon. On the date Edwards' trial was set to begin, following negotiations, he pled guilty to the amended charges of first-degree recklessly endangering safety by use of a dangerous weapon as a repeater and possession of a firearm as a felon as a repeater.

¶6      After he entered his guilty pleas, but prior to sentencing, Edwards sought plea withdrawal. Edwards claimed that he misunderstood the consequences of his pleas, was confused about the options, received misleading advice from trial counsel, and did not have a sufficient opportunity to discuss the terms of the plea negotiations with his trial counsel. The circuit court held an evidentiary hearing and heard testimony from Edwards and his trial counsel, finding that "certainly [trial counsel's] testimony is very credible." The circuit court denied Edwards' motion.

¶7      Postconviction, Edwards renewed his motion for plea withdrawal on grounds that his trial counsel provided ineffective assistance and coerced him into pleading guilty. Edwards additionally argued that the circuit court erred when it denied his presentencing motion for plea withdrawal.

¶8      The circuit court denied Edwards' postconviction motion without holding an evidentiary hearing. The circuit court explained that its denial was based on its earlier determination, at the presentence plea withdrawal hearing, that trial counsel's performance was not deficient. The circuit court noted that the postconviction motion was "a regurgitation of everything the [c]ourt heard before."

## II. DISCUSSION

¶9 On appeal, Edwards renews the claims in his postconviction motion, which included an argument that the circuit court erred when it denied his presentencing plea withdrawal motion. In his briefing, Edwards conflates the different standards that apply to presentence and postconviction motions for plea withdrawal to seemingly suggest that the "fair and just" reason standard applies throughout. This is incorrect, and we have reframed the issues on appeal accordingly.

¶10 Before sentencing, a circuit court should freely allow a defendant to withdraw a plea if there is a "fair and just" reason and it will not substantially prejudice the State. *State v. Bollig*, 2000 WI 6, ¶28, 232 Wis. 2d 561, 605 N.W.2d 199. This question is left to the sound discretion of the circuit court, *id.*, and we will only reverse on appeal if the court erroneously exercised its discretion, *id.*, ¶14. We will affirm the court's exercise of discretion if it "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *State v. Cooper*, 2019 WI 73, ¶13, 387 Wis. 2d 439, 929 N.W.2d 192 (citation omitted).

¶11 After sentencing, however, a defendant is entitled to withdraw a plea only if necessary to correct a "manifest injustice," which is more rigorous than the "fair and just" standard before sentencing. *See State v. Taylor*, 2013 WI 34, ¶48, 347 Wis. 2d 30, 829 N.W.2d 482. The defendant has the burden to prove a manifest injustice by clear and convincing evidence. *Id.*, ¶¶24, 48.

¶12    Edwards seeks plea withdrawal through a *Nelson/Bentley* challenge.[2] "[A] defendant invokes *Nelson/Bentley* when the defendant alleges that some factor extrinsic to the plea colloquy, like ineffective assistance of counsel or coercion, renders a plea infirm." *See State v. Sulla*, 2016 WI 46, ¶25, 369 Wis. 2d 225, 880 N.W.2d 659.

¶13    A defendant is not automatically entitled to an evidentiary hearing on a postconviction motion. A *Nelson/Bentley* postconviction motion must allege "sufficient material facts that, if true, would entitle the defendant to relief." *See State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. A sufficient motion entitles a defendant to a hearing, but if the motion fails to allege sufficient facts or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, then the circuit court has the discretion to grant or deny a hearing. *See id.* On appeal, we review the allegations within the four corners of the motion itself for sufficiency, not the arguments in the appellate brief. *See id.*, ¶27.

## A.  Ineffective Assistance of Counsel

¶14    A defendant alleging ineffective assistance of counsel must demonstrate that the attorney's performance was deficient and that the deficient performance was prejudicial. *State v. Bentley*, 201 Wis. 2d 303, 311-12, 548 N.W.2d 50 (1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). If the defendant fails to satisfy either requirement, the court need not consider the

---

[2] In his reply brief, Edwards does not challenge the State's classification of his motion as a motion for plea withdrawal under *Nelson v. State*, 54 Wis. 2d 489, 195 N.W.2d 629 (1972), *modified by*, *State v. Bentley*, 201 Wis. 2d 303, 548 N.W.2d 50 (1996).

other. ***State v. Breitzman***, 2017 WI 100, ¶37, 378 Wis. 2d 431, 904 N.W.2d 93. "The factual circumstances of the case and trial counsel's conduct and strategy are findings of fact, which will not be overturned unless clearly erroneous; whether counsel's conduct constitutes ineffective assistance is a question of law, which we review *de novo*." ***Id.*** (emphasis added).

¶15 In his postconviction motion, Edwards alleged that trial counsel was ineffective for the following reasons: (1) for failing to investigate his alibi defense, (2) for failing to provide Edwards with a copy of the video evidence and object to it, and (3) for failing to prepare for trial.[3] We address each of these claims in turn.

### (1) *Alibi Defense*

¶16 Edwards argued that "[t]here was no indication that trial counsel made any attempt to contact the witness Edwards claimed would provide his alibi." The record belies this claim.

¶17 At the hearing on his presentence motion for plea withdrawal, trial counsel testified that he interviewed the one witness Edwards told him to talk to. As to an alibi defense, the circuit court specifically found that "[w]ith respect to any witnesses, the one witness that Mr. Edwards wanted [trial counsel] to contact and to interview, that person was indeed interviewed."

---

[3] We address Edwards' ineffective-assistance claims in a slightly different order than Edwards presented them in his motion. In all other regards, we track his presentation of the issues on appeal.

¶18 The only information in the record to the contrary is Edwards' own testimony, which the circuit court implicitly rejected, that his trial counsel contacted the alibi witness's daughter instead of the alibi witness. We conclude that Edwards did not allege sufficient facts to demonstrate either deficient performance or prejudice on this basis.

(2) *Video Evidence*

¶19 Next, Edwards argued that trial counsel was ineffective for failing to review and provide him with a copy of the surveillance video that purportedly showed Edwards shooting the victim.[4] According to Edwards, if he had had the opportunity to review the video, "he would have been in a better[,] more informed position to make a decision regarding a plea deal."

¶20 At the hearing on Edwards' presentence motion for plea withdrawal, trial counsel testified that he and Edwards discussed—prior to the date the trial was to begin—that the identities of the suspects were unclear on the video evidence. Edwards does not explain how viewing the video, which he already knew did not clearly identify him as a suspect, would have prompted him to insist on going to trial. Edwards' allegations in this regard are insufficient to show prejudice. *See Bentley*, 201 Wis. 2d at 312 (explaining that the prejudice prong of the ineffective-assistance analysis requires a defendant to show "that there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (citation omitted)).

---

[4] The video is not in the appellate record.

¶21    Edwards also argued that his trial counsel was ineffective for failing to object to the video evidence or to testimony that the video showed Edwards was the shooter. According to Edwards, if his trial counsel had objected to the video, he "may not have felt pressured to accept the plea deal."

¶22    Because this case never went to trial, it is unknown whether the video evidence would have been admitted and if it was admitted, what the testimony about it would have revealed. Consequently, this argument amounts to speculation, and speculation is insufficient to establish prejudice. *See State v. Gutierrez*, 2020 WI 52, ¶45, 391 Wis. 2d 799, 943 N.W.2d 870.

(3) *Trial Preparation*

¶23    Edwards argued in his postconviction motion that trial counsel was ineffective because he was not prepared for trial. Edwards asserted that as a result, he felt his only option was to plead guilty. This record refutes this claim.

¶24    At the hearing on Edwards' presentence motion for plea withdrawal, his trial counsel testified that he met with Edwards five or six times and was prepared for Edwards' trial on the day it was set to begin. When questioned by the prosecutor at the hearing, trial counsel testified to his discussions with Edwards:

> Well, we understood I think very clearly what this case was and this was a question of whether you guys were going to have your victim. I mean it was really— [Edwards] said that over and over again, I don't think he's showing, I don't think he's coming, I think this is going to go away. That was his opinion on the case.
>
> And we discussed that the video depicts the event[,] that there's no question you're going to prove there was a robbery and a shooting because it's quite clear on the video, but you can't identify any of the suspects so you need a human being to come in and say that's the guy that

did it to me, and he felt very confident his trial strategy was
you guys weren't going to have a victim on the day of trial.

Upon learning that the State was ready to move forward with its case at trial, trial counsel testified that Edwards told him that he wanted to pursue a plea.

¶25 After listening to the testimony and the parties' arguments, the circuit court noted that it "ha[d] no doubt that [trial counsel] was prepared to proceed … on this particular trial day." The circuit court accepted trial counsel's testimony regarding strategy:

> Significantly, [trial counsel] testified that Mr. Edwards always understood what this case was about, and that Mr. Edwards was convinced that the victim in the case wouldn't show up. If the victim didn't show up, the case would have to be dismissed.
>
> And that's what Mr. Edwards was banking on. That's not an unfair trial strategy. It happens all the time, especially in … cases of this serious nature. The victim doesn't show up, you know, the State is unable to proceed with their case.
>
> When trial was ready to begin and the State said they were ready, now Mr. Edwards had a problem because now the victim shows up, and it was Mr. Edwards, not [trial counsel] or anyone else, who said, okay, we gotta talk; now I want to change my plea.

The record belies Edwards' claim that his trial counsel was not prepared for trial and that the lack of preparation prompted him to plead guilty.

## B. Coercion

¶26 In addition to ineffective assistance of counsel, "[a] defendant may show manifest injustice by proving 'that his plea was not entered knowingly,

9

intelligently, and voluntarily.'"[5] ***State v. Pegeese***, 2019 WI 60, ¶15, 387 Wis. 2d 119, 928 N.W.2d 590 (citation omitted). "Whether a defendant entered his plea knowingly, intelligently, and voluntarily is a question of constitutional fact that this court reviews *de novo*." ***Id.***, ¶16 (emphasis added). As before, we accept the circuit court's findings of historical or evidentiary facts unless they are clearly erroneous. *See **id.***

¶27 In his postconviction motion, Edwards argued that trial counsel coerced him into pleading guilty. According to Edwards, his trial counsel's "clear lack of communication" in failing to review reports and video with him, not providing a copy of the video to Edwards for Edwards' review, not investigating Edwards' alibi defense, and not discussing defenses or strategies, left him feeling that trial counsel "was completely unprepared." Edwards claimed that trial counsel further coerced him to plead guilty by constantly saying he would lose.

¶28 We have already concluded that trial counsel was not ineffective on the grounds Edwards identified. Regarding Edwards' claim that trial counsel told him he would lose, trial counsel credibly testified that he never said that. Edwards' self-serving allegations to the contrary are insufficient to establish that his pleas were coerced.

¶29 Moreover, the record reflects the circuit court's findings that "it was Mr. Edwards who primarily negotiated not only what charges he would plea[d] to, but whether he would plead with any kind of enhancers, and that went back and

---

[5] When Edwards made this argument in his postconviction motion, he cited the "fair and just" standard. However, as previously explained, the "fair and just" standard does not apply to Edwards' postconviction motion.

forth five to six times according to [trial counsel]." The circuit court continued: "After that was all negotiated, Mr. Edwards wanted to discuss this with his family in what I will say is probably unprecedented … [the circuit court] cleared the courtroom and allowed Mr. Edwards to meet with his family to discuss the negotiations and to get the family perspective on it, and that family meeting lasted approximately 20 minutes." At that point, the circuit court found "Mr. Edwards indicated that he was satisfied, ready to change his plea."

¶30 The record conclusively demonstrates that Edwards freely, knowingly, and voluntarily changed his plea. His coercion claim fails.[6]

**C. Presentence Plea Withdrawal**

¶31 As his final argument, Edwards claims that the circuit court erred when it denied his presentence motion for plea withdrawal. Following the evidentiary hearing on the motion, the circuit court applied the proper standard of law when it found it was "quite clear that Mr. Edwards has had a change of heart," which was insufficient to establish a fair and just reason for plea withdrawal. *See State v. Jenkins*, 2007 WI 96, ¶32, 303 Wis. 2d 157, 736 N.W.2d 24 (explaining that "[t]he [fair and just] reason must be something other than the desire to have a trial … or belated misgivings about the plea."). Edwards' dissatisfaction with the outcome is insufficient to show that the circuit court's decision to deny his

---

[6] Edwards' reliance on *State v. Cooper*, 2019 WI 73, 387 Wis. 2d 439, 929 N.W.2d 192, as support for his coercion claim is misplaced. In that case, our supreme court concluded that the defendant had not demonstrated ineffective assistance of counsel so as to warrant plea withdrawal even though trial counsel later was disciplined for his misconduct in handling the defendant's case. *See id.*, ¶¶1, 12, 18. According to Edwards, *Cooper* suggests the defendant in that case would have been successful in obtaining plea withdrawal if he had made claims related to trial counsel's lack of communication and possible coercion. We are not persuaded by Edwards' broad reading of the *Cooper* decision.

presentence plea withdrawal motion amounted to an erroneous exercise of discretion.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

12