# COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 6, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP90**

Cir. Ct. No. 2018CF3042

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

COREY LAMONT JACKSON,

      DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: AUDREY SKWIERAWSKI, Judge. *Affirmed*.

Before Donald, P.J., Geenen and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Corey Lamont Jackson, *pro se*, appeals an order denying his motion for postconviction relief under WIS. STAT. § 974.06 (2021-22).[1] As discussed below, we reject Jackson's arguments and affirm.

## BACKGROUND

¶2 In 2019, Jackson was convicted of six counts following a jury trial: (1) first-degree reckless injury by use of a dangerous weapon as a domestic abuse repeater with domestic abuse assessments; (2) endangering safety by use of a dangerous weapon as a domestic abuse repeater with domestic abuse assessments; (3) felon in possession of a firearm; (4) felony bail jumping with domestic abuse assessments; (5) disorderly conduct by use of a dangerous weapon; and (6) misdemeanor bail jumping with domestic abuse assessments.[2] Jackson was acquitted of one count of attempted first-degree intentional homicide and one count of disorderly conduct. The convictions related to a domestic-violence incident in which Jackson shot his girlfriend, Parker.[3]

¶3 On direct appeal, Jackson argued that the trial court erroneously allowed the State to call Parker's daughter, Natalie, in rebuttal to testify that two years prior she had witnessed Jackson "stomping" on Parker. Jackson also argued that the trial court erred when it denied his request to provide the jury with an

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] The Honorable Michael J. Hanrahan presided over the jury trial in this case. The Honorable Audrey Skwierawski issued the order denying Jackson's WIS. STAT. § 974.06 motion. We refer to Judge Hanrahan as the trial court and Judge Skwierawski as the postconviction court.

[3] We use the same pseudonyms for the victim and the witness that this court used in its prior opinion denying Jackson's direct appeal, pursuant to WIS. STAT. RULE 809.86(4). *See State v. Jackson*, No. 2020AP378-CR, unpublished slip op. ¶2 n.1 (WI App July 20, 2021).

accident instruction, WIS JI—CRIMINAL 772, on the first-degree reckless injury charge. Lastly, he argued that he was entitled to a new trial in the interest of justice. This court affirmed, *see* **State v. Jackson**, No. 2020AP378-CR, unpublished slip op. (WI App July 20, 2021), and the Wisconsin Supreme Court denied review.

¶4     Jackson, *pro se*, filed a WIS. STAT. § 974.06 motion raising nineteen claims. The postconviction court detailed Jackson's claims as follows:

> 1. Trial counsel violated [Jackson's] 6th Amendment right to effective counsel by failing to present evidence and call witnesses;
>
> 2. Trial counsel failed to properly admit evidence leaving the controversy not fully tried; speaking of the victim's medical records which disputed her testimony of being brutally assaulted and 911 call records which disputed witness statements of [Jackson] chasing them with a gun in hand. Counsel failed to present statements of defense witnesses to help exonerate him …;
>
> 3. Trial counsel failed to challenge the admission of impermissible extrinsic evidence;
>
> 4. Trial counsel failed to argue against the court's ruling that the defense could not object to unproven extrinsic evidence in front of the jury;
>
> 5. Trial counsel violated various rules of professional conduct;
>
> 6. Trial counsel limited the scope of [Jackson's] representation without consent and violated [Jackson's] right to autonomy … by … taking away [Jackson's] right to choose 'his' objectives for 'his' representation …;
>
> 7. Trial counsel failed to argue against the trial court's improper denial of [Jackson's] theory of defense instruction;
>
> 8. Trial counsel's actions [were] "adverse by failing to comply with authority and instructions, in violation of [s]upreme [c]ourt rules….";

9. Counsel failed to properly cross[-]examine or impeach state witnesses;

10. Counsel made unauthorized admissions of [Jackson's] guilt;

11. Counsel failed to "test the adversarial process, violating *Strickland v. Washington*";[4]

12. Counsel failed to present a proper defense by not presenting evidence, calling witnesses on [Jackson's] behalf, failing to impeach, and providing no reasons why the State had no valid case;

13. [Appellate] counsel's performance fell below an objective standard of reasonableness;

14. Trial counsel failed to argue against the trial court's improper denial of [Jackson's] right to counsel of choice;

15. Counsel failed to challenge the trial court's violations of [Jackson's] substantial and substantive rights;

16. Counsel failed to object to and/or argue against the court's improper acts and remarks;

17. Counsel failed to object to and/or challenge the trial court's manifest disregard of the law and abuse of judicial discretion;

18. Counsel failed to object and/or argue [the trial court's] improper denial of [Jackson's] theory of defense by breaking the inference on inference rule. Counsel also stood silent as the judge engaged in "*petitio principii*" forming a logical fallacy wherein what is to be proved is implicitly presumed as true in the premise, the premise being [the trial court's] manifest inference that [Jackson] was a weapons expert, knew how all weapons worked, and therefore could not have an accidental discharge denying his substantive right to a defense which he was entitled to;

19. Counsel failed to object to [the trial court's] violation of WIS. STAT. § 903.03(2) while crafting jury instructions…. Counsel also failed to object to and/or argue that the court's crafting of the specialized instruction

---

[4] *See Strickland v. Washington*, 466 U.S. 668 (1984).

4

constituted affirmative inference in [Jackson's] trial, as the erroneous instruction which directed a jury to find a presumed fact against the accused infringed on [Jackson's] right to due process and the effective assistance of counsel. As it interfered in certain ways with counsel's ability to make independent decisions about how to conduct the defense, when the court improperly gave the instruction, causing the defense to give a closing argument based on a different theory of defense than the one [Jackson] was legally entitled to. Lastly, counsel failed to argue that the judge's instruction invaded the province of the jury….

¶5    The postconviction court set a briefing schedule. After briefing, the court denied Jackson's motion without a hearing. The court observed that due to "the numerous allegations raised, [Jackson] spends more space describing what his many issues are than he devotes to arguing the substance of the issues, to the detriment of his request for relief." The court found that Jackson had failed to apply the clearly stronger standard pursuant to *State v. Romero-Georgana*, 2014 WI 83, ¶46, 360 Wis. 2d 522, 849 N.W.2d 668, several of Jackson's claims were "inappropriate attempts to repackage claims already litigated on appeal," and Jackson failed to establish prejudice with respect to his complaints about counsel. The court also found that Jackson had "not successfully made the case that his trial attorney either committed professional misconduct or that counsel was constitutionally ineffective based on the alleged Supreme Court Rule violations." In addition, the court rejected Jackson's claims that "he was denied his right to counsel of choice (or more accurately, his right to self-representation)," and that trial counsel "overrode his express objective to maintain innocence by conceding guilt."

¶6    Jackson now appeals. Additional relevant facts are discussed below.

## DISCUSSION

¶7 After the time for a direct appeal has expired, WIS. STAT. § 974.06 provides a mechanism for prisoners to raise constitutional claims. When, as here, a defendant seeks relief under § 974.06 following a prior appeal, the motion must establish a "sufficient reason" for failing to previously raise any issues that could have been raised in the earlier proceedings. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994). A claim of ineffective assistance of postconviction counsel may present a "sufficient reason" to overcome the procedural bar. *See State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Ct. App. 1996).

¶8 To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the defendant suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We need not address both prongs of the test if the defendant does not make a sufficient showing on one of the prongs. *Id.* at 697.

¶9 When deciding whether a defendant is entitled to an evidentiary hearing, we first independently determine "whether the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief." *State v. Ruffin*, 2022 WI 34, ¶27, 401 Wis. 2d 619, 974 N.W.2d 432. "Whether the record conclusively demonstrates that the defendant is entitled to no relief is also a question of law we review independently." *State v. Spencer*, 2022 WI 56, ¶23, 403 Wis. 2d 86, 976 N.W.2d 383 (citations omitted). "If the motion does not raise facts sufficient to entitle the defendant to relief, or if it presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not

entitled to relief, the circuit court has the discretion to grant or deny a hearing." ***Ruffin***, 401 Wis. 2d 619, ¶28.

¶10    In this case, we conclude that Jackson's motion was properly denied without a hearing.

¶11    First, as the postconviction court found, Jackson did not establish that any of his ineffective assistance of counsel claims were "clearly stronger" than the issues raised in his prior appeal.  When a defendant alleges that trial counsel was ineffective, he has the burden to prove that his ineffective claims are clearly stronger than the issues that postconviction counsel pursued.  ***Romero-Georgana***, 360 Wis. 2d 522, ¶4.  Here, Jackson failed to discuss or cite ***Romero-Georgana*** or otherwise apply the clearly stronger standard in his postconviction motion.

¶12    Jackson suggests that his ineffective assistance of counsel allegation eliminates his obligation to "discuss, cite, or show that his claims were clearly stronger" because "constitutional claims are presumed prejudicial[.]"  We disagree.  As stated above, to prevail on a claim of ineffective assistance of counsel, Jackson had the burden of establishing deficient performance and prejudice.  ***Strickland***, 466 U.S. at 693.  While prejudice may be presumed in certain rare circumstances, *see* ***State v. Pinno***, 2014 WI 74, ¶83, 356 Wis. 2d 106, 850 N.W.2d 207, Jackson does not explain or develop an argument that his claims fit within one of the rare circumstances where prejudice is presumed.

¶13    In addition, Jackson argues that the "clearly stronger" standard is "too rigid and cannot be practically applied in many situations."  This court, however, is bound by ***Romero-Georgana***, 360 Wis. 2d 522, ¶4, which requires that Jackson show that his new claims are clearly stronger than issues that

7

counsel did present. *See Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997) (explaining that the court of appeals does not have the power to overrule cases from our supreme court).

¶14 Second, Jackson's claims are insufficiently pled. When we assess the sufficiency of postconviction claims, we consider only the content of the postconviction motion, not the movant's briefs. *State v. Allen*, 2004 WI 106, ¶27, 274 Wis. 2d 568, 682 N.W.2d 433. We examine whether the defendant alleged, within the four corners of the motion, "the five 'w's' and one 'h'; that is, who, what, where, when, why, and how." *Id.*, ¶23.

¶15 Here, Jackson did not allege sufficient material facts that would allow the court to meaningfully assess any of his claims. For example, Jackson's first claim asserts:

> (1) Defendant claims his trial counsel violated his 6th Amendment Right to effective counsel by failing to present evidence and call witnesses which can be easily seen in the trial record as the defense called no witnesses on direct examination though directed to do so by the defendant, and did not present their statements in their absence.

Jackson does not identify the evidence or the witnesses whom trial counsel should have called. Jackson also fails to develop an argument as to how counsel's performance was deficient and how counsel's performance prejudiced him. The same is true of Jackson's other claims as well. He does not provide sufficient material facts to assess his claims and his arguments are undeveloped and conclusory. We will not develop arguments on Jackson's behalf. *See State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (stating that "[w]e cannot serve as both advocate and judge"); *Romero-Georgana*, 360 Wis. 2d 522, ¶69 (observing

that while we liberally construe *pro se* filings, a reviewing court "will not ignore obvious insufficiencies at the center of a motion").

¶16    Third, the record conclusively demonstrates that Jackson is not entitled to relief on his right to self-representation claim.[5]    Prior to closing argument, trial counsel informed the court that Jackson showed him ten-plus pages of written notes that he wanted read to the jury.  Trial counsel indicated that he had "spent a lot of time on [the] closing," and he was "not inclined to go off script[.]"  Trial counsel suggested that if Jackson was dissatisfied, Jackson could represent himself.  The court engaged in a colloquy with Jackson regarding his right to self-representation.  During the colloquy, Jackson told the court, "my decision was not to fire him or to represent myself.  What I said to him was that I would like to have had conferred with him before the jury came in[.]"  When the trial court told Jackson his counsel could read through what Jackson gave him, Jackson replied, "And that's all I wanted him to do."  Jackson later said, "I didn't ask him to excuse himself as my attorney."

¶17    As the postconviction court found, Jackson's right to self-representation was not violated.  Jackson did not clearly and unequivocally invoke his right to self-representation.  *See **State v. Egerson***, 2018 WI App 49, ¶11, 383 Wis. 2d 718, 916 N.W.2d 833.  Thus, the record conclusively shows that Jackson is not entitled to relief on his self-representation claim.

---

[5] Jackson's postconviction motion asserted that his "[c]ounsel (trial) failed to argue against the trial court[']s improper denial of defendant[']s right to counsel of choice[.]"  Jackson did not provide any record citations.  In the absence of record citations, the postconviction court reasonably construed this claim as a self-representation claim based on its review of the record.

¶18 Fourth, Jackson's claims that trial counsel violated the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys are conclusory and undeveloped. Jackson does not describe the specific conduct that violated the rules. The breach of an ethical standard "does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel." *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *see also State v. Cooper*, 2019 WI 73, ¶22, 387 Wis. 2d 439, 929 N.W.2d 192 (holding that counsel's failure to comply with an ethical obligation "cannot mean, *ipso facto*, that [counsel] performed deficiently within *Strickland*'s meaning"). Jackson needed to provide more information.

¶19 Fifth, to the extent that Jackson contends that appellate counsel was ineffective, the circuit court lacked competency to decide this allegation. When a litigant claims that his attorney ineffectively litigated his prior appeal, the litigant must raise his claim via a writ of habeas corpus in this court. *State v. Knight*, 168 Wis. 2d 509, 512-13, 522, 484 N.W.2d 540 (1992). Accordingly, the circuit court lacked competency to decide a claim of ineffective assistance of appellate counsel. *See State v. Starks*, 2013 WI 69, ¶¶36-37, 349 Wis. 2d 274, 833 N.W.2d 146, *abrogated on other grounds by State ex rel. Warren v. Meisner*, 2020 WI 55, ¶52, 392 Wis. 2d 1, 944 N.W.2d 588.

¶20 Lastly, Jackson contends that the postconviction court impermissibly decided his motion *ex parte* because it should have served his motion on his prior appellate attorney and should not have decided the motion without testimony. The postconviction court, however, was only obligated to give notice of the motion to the district attorney, not Jackson's prior counsel. WIS. STAT. § 974.06(3)(a). Additionally, as discussed above, the trial court was not required to hold a hearing because Jackson's motion failed to allege sufficient material facts, made

conclusory allegations, and the record conclusively demonstrated that Jackson was not entitled to relief. *See **Allen***, 274 Wis. 2d 568, ¶9.[6]

¶21 Therefore, for the reasons stated above, we conclude that the postconviction court properly denied Jackson's motion without a hearing and we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[6] We note that the State also makes several other arguments in its brief to this court, including that the record conclusively demonstrates that Jackson was not entitled to relief on his claims that trial counsel impermissibly conceded guilt pursuant to *McCoy v. Louisiana*, 584 U.S. 414 (2018), and that Jackson's claims referencing extrinsic evidence and the jury instructions were procedurally barred because the claims had previously been raised in his direct appeal. Because Jackson failed to allege sufficient material facts necessary to support these claims, we decline to address them further.